IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDALL STATE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-2319-JTM/KGG |
| | ) |
| WEST POINT UNDERWRITERS, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint, seeking permission to add a claim for breach of promissory note as a result of testimony illicited during the deposition of Defendant's corporate representative. (Doc. 42.) Defendant has responded in opposition, arguing that Plaintiff's motion is out of time and futile. (Doc. 49.) After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff's motion.

## **BACKGROUND**

Plaintiff filed the present matter on June 7, 2010, bringing claims of breach of contract and anticipatory repudiation against Defendant relating to participatory interests in certain loans Plaintiff contends it administers. (Doc. 1.) Plaintiff alleges that Defendant materially breached the underlying loan agreement "by

causing one or more events of default." (*Id.*) Plaintiff also contends that Defendant has not fully performed its obligations under the loan agreement and has not retracted its repudiation of its remaining obligations. (*Id.*) Finally, Plaintiff seeks a declaratory judgment stating that it is entitled to enforce the loan agreement against Defendant, on which Plaintiff contends Defendant owes over $2.1 million. (*Id.*)

Plaintiff seeks to amend its Complaint as a result of new information learned during discovery. Plaintiff contends that on April 29, 2011, its counsel deposed Defendant's corporate representative and learned that Defendant received – but failed to remit – certain monetary distributions. (Doc. 43, at 3.) On May 4, 2011, Plaintiff amended its initial disclosures "to reflect its discovery that [Defendant] breached its promissory note." (Doc. 43, at 3.) The present motion to amend was filed on May, 25, 2011. (Doc. 42.) The Scheduling Order in this case included a deadline of February 14, 2011, to amend the pleadings. (Doc. 20, at 7.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

2

deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993). A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

In this case, however, the deadline for filing motions to amend passed almost two months before Plaintiff filed the present motion. (Doc. 11, at 6.) Accordingly, the Court will treat Plaintiff's motion as a motion to amend the Scheduling Order. *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

> When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.' To date, the Tenth Circuit has declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b)(4) in addition to satisfying Rule 15(a); however, in those

3

particular cases the parties failed to raise the 'good cause' issue in the district court and raised it for the first time only on appeal.

Notwithstanding the lack of definitive guidance from the Tenth Circuit, Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline.  Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.

To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.'  'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'  Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.'  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.

Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of the court.  In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.  Indeed, the Tenth Circuit has recognized that Rule 15 is intended 'to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' '

4

*Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3-4 (D.Kan. Oct. 12, 2010) (internal citations omitted).

Plaintiff's counsel did not depose Defendant's corporate representative until April 29, 2011 – after the deadline to amend contained in the Scheduling Order had expired.  As such, the Court determines that there is good cause to allow the amendment.

Defendant also argues that Plaintiff's proposed amendment is futile.  As such, the Court must also determine whether it could withstand a motion to dismiss.  In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (2007). "We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias*, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

\* \* \* \*

In reviewing a motion to dismiss, it is important to note "Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we "generally embraced a liberal construction of [this] pleading requirement," and held "a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings...." Id. However, the Supreme Court has recently "clarified" this standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Id. at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).

On the other hand, we have also held "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). "Thus, 'a well-pleaded complaint may

>proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " Id. *(quoting Twombly,* 550 U.S. at 556).
>
>In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

***Phillips v. Bell***, No. 08-1042, 2010 WL 517629, * 3,4 (10th Cir., 2010). The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. ***Pekareck v. Sunbeam Products***., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

Defendant argues that the proposed amendment is futile because it is based on deposition testimony that was "in error" and has since been corrected "based on [the deponent's] review of financial documents that were not provided to him at his deposition . . . ." (Doc. 49, at 5.) The Court notes Plaintiff's reply argument[1] that this is an improper use of the deposition correction sheet pursuant to Fed.R.Civ.P. 30(e). *See* ***Garcia v. Pueblo Country Club***, 299 F.3d 1233 n.5 (10th Cir. 2002). There is, however, some disagreement in this district as how liberally or strictly

---

[1] *See* Doc. 59, at 2-4.

7

Rule 30(e) should be interpreted.  *See generally* **Summerhouse v. HCA Health Services of Kansas**, 216 F.R.D. 502 (D.Kan. 2003).

Regardless of whether or not the errata sheet corrections at issue might be allowed under Rule 30(e), the Court believes that the original answer does not vanish.  Instead, Plaintiff may urge the correctness of the original response at trial and challenge the credibility of the correction.  The Court cannot find that such an effort by Plaintiff would be futile.  The Court, therefore, will not allow Defendant to rely on the errata sheet to establish the futility of Plaintiff's proposed amendment.  As a result, Defendant cannot establish that the requested amendment is futile and Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 11th day of October, 2011.

    S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge