# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDALL STATE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2319-JTM/KGG |
| ) | |
| WEST POINT UNDERWRITERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Compel seeking an Order requiring Plaintiff to produce documents and information maintained by non-party participating lenders' documents that Defendant contends are within Plaintiff's "possession, custody, or control."  (Doc. 47; Doc. 48, at 3.)  Plaintiff counters that it does not have access to, or any right to obtain, the documents or information. (*See generally* Doc. 54.) Because Plaintiff claims to represent the non-party lenders' interests in this case, the Court finds that some of the requests are for information within Plaintiff's control.  Therefore, the Court **GRANTS in part** and **DENIES in part** Defendant's motion (Doc. 47).

# BACKGROUND

Plaintiff's claims result from a commercial loan ("Loan 4922" or "the Loan") made by Brooke Credit Corporation (l/k/a Aleritas Capital Corporation) to Defendant West Point Underwriters (Defendant). (Doc. 76, Second Amended Complaint, at § 8.) Aleritas is alleged to have sold participations in the Loan to Plaintiff Kendal State Bank (Plaintiff) and other banks. (*Id*., at § 14.) After selling the loan participations, Aleritas served as the administrator of the Loan. (*Id*., at § 19.) Plaintiff subsequently acquired one of the other interests in the Loan, as did certain other banks, who are collectively referred to as "the Participants." (*Id*., at §§ 15, 16.)

Plaintiff alleges that the relevant participation agreements state that "any failure by Aleritas to comply with its obligations under those agreements, or any act of insolvency by Aleritas authorizes the Participants to remove Aleritas as the administrator of the Loan and transfer its powers to one of the Participants." (*Id*., at § 20.) Plaintiff contends that in August 2008, Aleritas was removed as the administrator of the Loan and the administration of the Loan was transferred to Plaintiff. (*Id*., at §§ 21, 22.)

Plaintiff claims it is representing the interests of all the Participants in this lawsuit. (*See* Doc. 48-1, at 5.) Plaintiff alleges that Defendant materially breached

the underlying loan agreement by causing one or more events of default.  (*See generally*, Doc. 76.)  Plaintiff also contends that Defendant has not fully performed its obligations under the loan agreement and has not retracted its repudiation of its remaining obligations.  (*Id.*)  Finally, Plaintiff seeks a declaratory judgment stating that it is entitled to enforce the loan agreement against Defendant, on which Plaintiff contends Defendant owes approximately $1.8 million.  (*Id.*)

On October 11, 2011, this Court entered an Order allowing Plaintiff to amend its Complaint.  (Doc. 75.)  The amendment was necessitated by the deposition of Defendant's corporate representative, who testified that Defendant received – but failed to remit – certain monetary distributions.  (Doc. 43, at 3.)

The discovery at issue involves Defendant's requests that Plaintiff provide certain information and documents maintained by "any other Alleged Participating Lenders."[1]  (*See* Doc. 48, at 3-6; *see also* Doc. 47-3 (Interrogatories Nos. 2, 3, 4, 5) and Doc. 47-4 (Requests for Production Nos. 1, 6, 13-15, 18-20).)  The Court notes that the parties' disputes do not relate to the production of information and/or documents from Plaintiff directly.

## DISCUSSION

---

[1] For purposes of this Order, "Alleged Participating Lenders" is synonymous with "Participants."

A.     **Standards for Discovery**.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

"[W]hen a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 670-171 (D.Kan. 2004).  *See also* **Hammond v. Lowe's Home Ctrs., Inc**., 216 F.R.D. 666, 670 (D.Kan.2003) (holding that unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections).

### B.   Information Maintained by Other Participants.

Defendant argues that because Plaintiff contends it is representing the interests of all the Participants in this lawsuit (Doc. 48-1, at 5), the documents and information at issue are in the "possession, custody, or control" of Plaintiff within the meaning of Fed.R.Civ.P. 34.  (Doc. 48, at 3.)  Plaintiff, on the other hand, contends its mere representation of the interests of the other lenders in this lawsuit does not give it possession, custody, or control of information maintained by those other lenders.  (Doc. 54, at 3-7.)  Plaintiff also argues that the fact that their attorneys also represent other lenders does not give Plaintiff control over the information possessed by those other lenders.  (*Id*., at 7-9.)

Attorneys have numerous clients and the documents of one client do not simply come within the control of another client merely because both clients have retained the services of the same lawyer or law firm. See ***Poppino v. Jones Store Co.***, 1 F.R.D. 215, 219 (W.D. Mo. 1940). The Court acknowledges Defendant's distinction that the clients at issue – Plaintiff and the other participants – "share legal counsel with regard to the issues in this lawsuit." (Doc. 61, at 5.) Even so, given the analysis below, the Court need not determine whether this overlap in legal representation provides a sufficient basis to compel production of the requested information.

Plaintiff's argument that its does not have control over the information possessed by other lenders as a result of Plaintiff's representation of the interests of those lenders in this lawsuit is unpersuasive. The parties have not found case law directly on point. The Court's research has generated similar results.

However, the ***Starlight Int'l v. Herlihy*** case cited by Plaintiff is sufficiently analogous. 186 F.R.D. 626 (D.Kan. 1999). Ironically, however, the analogy benefits Defendant.

In ***Starlight***, the Court held that the "sole owner, officer, and director" of an entity that was a "member of the joint venture" with a defendant in the case "has a sufficient nexus with [the defendants] to attribute documents in his possession to

be under their joint control." *Id.*, at 634. The court further held that "members of a joint venture also have a legal right to obtain information of the venture on demand." *Id.*

The party from whom the documents were requested in ***Starlight*** – which was in a joint venture with the entity whose sole owner maintained the documents at issue – argued that "the information sought by plaintiff is not the property of the joint venture and thus not within their custody or control." *Id.*, at 635. The ***Starlight*** court did not agree.

> Such argument has no merit with respect to answering interrogatories, producing documents, and providing deposition testimony. Knowledge of officers and agents of a joint venture is imputed to the entity for purposes of answering interrogatories. *Cf.* ***Casson Constr. Co. v. Armco Steel Corp.***, 91 F.R.D. 376, 381 (D.Kan.1980) (applying proposition to a corporation); see also, Fed.R.Civ.P. 33(a). The same is true with respect to testifying at deposition. ***In re Indep. Serv. Org. Antitrust Litig.***, 168 F.R.D. 651, 653 (D.Kan.1996). Under both K.S.A. 56–320 and newly enacted K.S.A. 56a–403, partners have a duty to provide full information of all things affecting the partnership to any partner. It is well-settled that these principles apply to joint ventures.

*Id.* Likewise, this Court holds that the same is true for the Participants in this case whose interests are being represented by Plaintiff.

However, this analysis does not apply to all of the categories of discovery at issue. Non-party Participants' documents and information which are part of the

transaction at issue, central to the plaintiff's claims, or which may be offered as evidence by the plaintiff in this case, <u>are</u> within Plaintiff's control by virtue of its claim of representative capacity. Participants' documents and information which are otherwise merely within the general scope of discovery <u>are not</u>.

The former group are discoverable because of the nexus, created by the underlying transaction, between the interests of Plaintiff and the other Participants – interests which Plaintiff is admittedly representing in this matter. It would be patently unfair to permit the Plaintiff to prosecute the interests of the non-party Participants while insulating it from a duty to produce evidence central to their claims. The latter category of discovery requests, however, is not discoverable through the Plaintiff, but may be obtained through non-party discovery. That requested information, while potentially relevant to the lawsuit, is not sufficiently related to the common interests of Plaintiff and the other Participants in the context of this lawsuit to impose a duty on Plaintiff to compile such information from the other Participants.

Interrogatories Nos. 2 and 3 request information that is part of the transaction at issue as they implicate Loan No. 4922 (Interrogatory No. 2) and the Addendum to the Commercial Loan Agreement (Interrogatory No. 3). (*See* Doc.

47-1, at 4.)  As such, Defendant's motion to compel is **GRANTED** in regard to Interrogatories Nos. 2 and 3.

The same cannot be said for Interrogatories Nos. 4 and 5, which both request information relating to "the allegations" made "in the New York Action"[2] by WPU against Aleritas and by Plaintiff against Brooke Capital Advisers.  (*See* Doc. 47-1, at 5-6.)  Defendant's motion to compel is **DENIED** in regard to Interrogatories Nos. 4 and 5.

Regarding the Requests for Production at issue, the Court finds that the following participant's documents are within plaintiff's control:  Request No. 6 (other agreements relating to Loan No. 4922), Request No. 13 (documents relied upon before August 2008 "regarding any alleged insolvency of Aleritas"), Request No. 14 (documents relied upon between August 2008-January 2009 "regarding any alleged insolvency of Aleritas"), Request No. 15 (documents relied upon "to remove Aleritas as the administrator of the Loan and transfer its power to one of the Participants . . ."), Request No. 18 (all notices issued to WPU that Aleritas "had been removed as administrator of the Loan"), Request No. 19 (all notices issued to

---

[2] The "New York Action" is defined in Defendant's discovery requests as "the action titled West Point Underwriters, LLC v. Aleritas Corporation that is pending as case number 2010-00202 in the Supreme Court of Orange County, New York."  (Doc. 47-1, at 5.)

WPU that "You [sic] had become administrator of the Loan"), and Request No. 20 (all written assignments received from Aleritas under the Loan).  (*See* Doc. 47-2, at 4-6.)  Defendant's motion to compel is **GRANTED** in regard to Request for Production No. 6, 13, 14, 15, 18, 19 and 20.

The remaining documents requested – copies of other loan agreements in which Participants purchased interests within four years preceding the transaction at issue – are not within Plaintiff's control.  While such information may potentially be relevant under the general discoverability standard, it is not sufficiently related to the common interest of Plaintiff and the other Participants to create a duty on Plaintiff to provide responsive information maintained by other Participants.  Defendant's motion to compel is **DENIED** in regard to Request for Production No. 1.

Defendant's motion is, therefore, **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of November, 2011.

                                           S/ KENNETH G. GALE
                                           Kenneth G. Gale
                                           United States Magistrate Judge