## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENDALL STATE BANK,                    )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )     Case No. 10-2319-JTM/KGG
                                       )
WEST POINT UNDERWRITERS, LLC,          )
                                       )
                    Defendant.         )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "Motion for Clarification or Reconsideration of Order Granting Defendant's Motion to Compel." (Doc. 85.) The factual background of this case was adequately summarized in the Court's prior Order and is incorporated herein by reference. (Doc. 83, at 2-3.)

The underlying motion to compel, filed by Defendant, sought an Order requiring Plaintiff to produce documents and information, maintained by non-party participating lenders, that Defendant contends are within Plaintiff's "possession, custody, or control." (Doc. 47; Doc. 48, at 3.) The Court held that because Plaintiff claims to represent the non-party lenders' interests in this case, some of the requests are for information within Plaintiff's control. (Doc. 83.) Thus, the

Court granted in part and denied in part Defendant's underlying motion to compel.

(*Id.*)

In the present motion, Plaintiff asks the Court to clarify or reconsider it's

prior Order.  Plaintiff argues that the Court misapplied the holding in ***Starlight***

***Int'l v. Herlihy***, 186 F.R.D. 626 (D.Kan. 1999).  The Court's prior ruling discussed

that decision as follows:

> In ***Starlight***, the Court held that the 'sole owner, officer, and director' of an entity that was a 'member of the joint venture' with a defendant in the case 'has a sufficient nexus with [the defendants] to attribute documents in his possession to be under their joint control.'  *Id.*, at 634.  The court further held that 'members of a joint venture also have a legal right to obtain information of the venture on demand.'  *Id.*

> The party from whom the documents were requested in ***Starlight*** – which was in a joint venture with the entity whose sole owner maintained the documents at issue – argued that 'the information sought by plaintiff is not the property of the joint venture and thus not within their custody or control.'  *Id.*, at 635.  The ***Starlight*** court did not agree.

>> Such argument has no merit with respect to answering interrogatories, producing documents, and providing deposition testimony.  Knowledge of officers and agents of a joint venture is imputed to the entity for purposes of answering interrogatories.  *Cf.* ***Casson Constr. Co. v. Armco Steel Corp***., 91 F.R.D. 376, 381 (D.Kan.1980) (applying proposition to a corporation); see also, Fed.R.Civ.P. 33(a).  The same is true with respect to testifying at deposition.  ***In re Indep. Serv. Org. Antitrust Litig***., 168 F.R.D. 651, 653 (D. Kan.

2

> 1996).  Under both K.S.A. 56–320 and newly
> enacted K.S.A. 56a–403, partners have a duty to
> provide full information of all things affecting the
> partnership to any partner.  It is well-settled that
> these principles apply to joint ventures.

> *Id.*  Likewise, this Court holds that the same is true for the
> Participants in this case whose interests are being represented
> by Plaintiff.

(Doc. 83, at 6-7.)

In requesting clarification, Plaintiff contends that "if any of the other lenders participating in WPU's loan refuse to provide information or documents covered by the Court's order, Kendall State Bank will not be able to comply with it."  (Doc. 86, at 2.)  In order to "facilitate" compliance with the Court's prior Order, Plaintiff "asks the Court to clarify the basis for its conclusion that those lenders are obligated to provide information and documents relating to the loan to Kendall State Bank."  (*Id.*)

In the alternative, Plaintiff asks the Court to reconsider the prior ruling, arguing that the ***Starlight*** holding "addresses the obligations of joint venturers – parties with a special relationship under Kansas law."  (Doc. 86, at 3.)  Plaintiff continues that "[t]he documents governing the assignment and administration of WPU's loan do not provide any basis for concluding that Kendall State Bank and the other participating lenders have such a relationship."  (*Id.*, citing Doc. 76-3, ¶

3

23(A).)  According to Plaintiff, "[i]f the Court determines that Kansas law does not justify recognizing that such a relationship exists generally between lenders participating in a loan and its administrator, no basis exists to compel Kendall State Bank to produce documents that – in the absence of such a finding – are not within its control."  (*Id*.)  Thus, Plaintiff urges the Court to reconsider it's prior decision.

In reaching the prior decision, the Court expressly applied ***Starlight*** by analogy, and is fully aware that the statutory basis for authority among joint ventures does not apply directly to the present case.  However, the rationale applies where, as here, a plaintiff and non-parties are jointly engaged in seeking relief in court, with the plaintiff purporting to prosecute the interests of the non-parties.  The court **is not** finding, necessarily, that Plaintiff has the authority, *vis a vis* the non-parties, to obtain their documents and information.  Rather, the Court **is holding** that *if* Plaintiff is representing the non-parties' interests in this litigation, and seeks judgment from Defendant on behalf of the non-parties, it has the obligation to provide the information specified in the Order.  It is unfair for the non-parties to prosecute this action through Plaintiff while being shielded from providing discovery.  If Plaintiff lacks the authority to obtain the limited discoverable information from the non-parties, the Court may be forced to examine

whether Plaintiff should be allowed to continue to prosecute the claims of those parties in this litigation.

The Court is satisfied that its prior Order has now been adequately clarified. Plaintiff's motion is, therefore, **GRANTED in part** to the extent it requested clarification of the prior Order and **DENIED in part** to the extent Plaintiff asks for reconsideration.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of December, 2011.

 s/ Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge

5