# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENDALL STATE BANK,                      )
                                         )
                        Plaintiff,       )
                                         )
vs.                                      )      Case No. 10-2319-JTM/KGG
                                         )
WEST POINT UNDERWRITERS, LLC,            )
                                         )
                        Defendant.       )
_____ )

## MEMORANDUM AND ORDER

Before the Court is the Motion to Compel filed by Defendant West Point

Underwriters, LLC.  (Doc. 65.)  Defendant seeks an Order requiring Plaintiff to

produce certain categories of documents and information, some of which is

maintained by non-party participating lenders.  This Court previously ruled on

whether Plaintiff has "possession, custody, or control" – and should be required to

produce – certain documents maintained or created by the non-party lenders whose

interests Plaintiff claims to represent in this case.  (*See* Docs. 83, 93.)  The Court

granted in part and denied in part that motion.  (Doc. 93.)  The Court has also

considered Plaintiff's other objections to the discovery requests at issue.  Having

reviewed the submissions and exhibits presented by the parties, the Court

**GRANTS** Defendant's motion (Doc. 65).

## BACKGROUND

Plaintiff's claims result from a commercial loan ("Loan 4922" or "the Loan") made by Brooke Credit Corporation (l/k/a Aleritas Capital Corporation) to Defendant West Point Underwriters (Defendant).  (Doc. 76, Second Amended Complaint, at § 8.)  Aleritas is alleged to have sold participations in the Loan to Plaintiff Kendal State Bank (Plaintiff) and other banks.  (*Id*., at § 14.)  After selling the loan participations, Aleritas served as the administrator of the Loan.  (*Id*., at § 19.)  Plaintiff subsequently acquired one of the other interests in the Loan, as did certain other banks, who are collectively referred to as "the Participants."  (*Id*., at §§ 15, 16.)

Plaintiff alleges that the relevant participation agreements state that "any failure by Aleritas to comply with its obligations under those agreements, or any act of insolvency by Aleritas authorizes the Participants to remove Aleritas as the administrator of the Loan and transfer its powers to one of the Participants."  (*Id*., at § 20.)  Plaintiff contends that in August 2008, Aleritas was removed as the administrator of the Loan and the administration of the Loan was transferred to Plaintiff.  (*Id*., at §§ 21, 22.)

Plaintiff claims it is representing the interests of all the Participants in this lawsuit.  (*See* Doc. 48-1, at 5.)  Plaintiff alleges that Defendant materially breached

2

the underlying loan agreement by causing one or more events of default. (*See generally*, Doc. 76.) Plaintiff also contends that Defendant has not fully performed its obligations under the loan agreement and has not retracted its repudiation of its remaining obligations. (*Id.*) Finally, Plaintiff seeks a declaratory judgment stating that it is entitled to enforce the loan agreement against Defendant, on which Plaintiff contends Defendant owes approximately $1.8 million. (*Id.*)

On October 11, 2011, this Court entered an Order allowing Plaintiff to amend its Complaint. (Doc. 75.) The amendment was necessitated by the deposition of Defendant's corporate representative, who testified that Defendant received – but failed to remit – certain monetary distributions. (Doc. 43, at 3.)

Defendant previously filed a Motion to Compel (Doc. 47) that addressed certain issues also present in the current motion – namely whether Plaintiff has "possession, custody, or control" (and should be required to produce) certain documents maintained or created by the non-party lenders whose interests Plaintiff claims to represent in this case. The Court granted in part and denied in part that motion, ordering Plaintiff to produce certain documents created and/or maintained by the other Loan Participants. (Doc. 83.) The Court further explained, but did not alter, its opinion after Plaintiff requested clarification or reconsideration of that Order (*See* Doc. 93.)

Defendant brings its second Motion to Compel (Doc. 65), challenging certain objections Plaintiff raised in response to Defendant's discovery requests. Defendant has grouped the discovery at issue into three categories:  1) loan committee documents; 2) notes from a conference attended by the Loan Participants; and 3) Notes from bank examiner meetings.  (*See* Doc. 66, at 2-5.) The Court will address each of these categories in turn.

## DISCUSSION

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information

4

sought may be relevant to the subject matter of the action." ***Smith v. MCI***

***Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way,

"discovery should ordinarily be allowed unless it is clear that the information

sought can have no possible bearing on the subject matter of the action." ***Snowden***

***By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991),

appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).  The scope of discovery is

broad, but not unlimited. If the proponent has failed to specify how the information

is relevant, the Court will not require the respondent to produce the evidence.

***Gheesling v. Chater***, 162 F.R.D. 649 (D. Kan. 1995).

A.     **Loan Committee Documents**.

Requests for Production Nos. 1 - 4 seek Plaintiff's written loan policies

(Requests 1 and 3) and documents considered by Plaintiff's loan committee

relating to the participation certificate and participation interest (Requests 2 and 4).

Plaintiff responds that it has produced certain responsive documents in regard to

Requests Nos. 2 and 4 – and, more importantly, is not withholding any documents

on the basis of its objections to these Requests.  Plaintiff contends the requests

"could apply to documents that would not relate to any of the claims or defenses in

the action."  (Doc. 71, at 2.)  While Plaintiff "has not identified any such

documents," it contends it made the objections "to avoid waiving any challenge

that it might want to assert if, at some time before trial, it discovers other documents sought by those requests." (*Id*.)  The Court finds these objections to be premature – and thus improper – as Plaintiff has yet to identify any documents that would be encompassed by the objection.  Further, Defendant narrowed the scope of the requests by indicating that the requests "seek documents relied on by Kendall in deciding to purchase an interest in Loan #4922" as opposed to "other potential investments" by Plaintiff.  (Doc. 73, at 1.)  As such, Plaintiff's objections to Requests Nos. 2 and 4 are overruled at this time.

Plaintiff argues that its objections to Requests Nos. 1 and 3 relating to written loan policies are warranted because the requests "are not reasonably calculated to lead to the discovery of admissible evidence."  (Doc. 71, at 2.) According to Plaintiff, "[n]either party will be required to prove anything about Kendall State Bank's loan policies to establish any claim or defense" and Defendant has not explained "how Kendall State Bank's compliance with its own policies would affect any issue in this action."  (*Id*.)  Defendant argues, however, that these policies would relate to several issues in this case, including Plaintiff's "decision to purchase a participation interest in the loan, and later to purchase an even greater interest in the loan (which relates to [Plaintiff's] holder in due course defense . . .)" among other issues.  (Doc. 66, at 7.)  Given the low threshold for

discovery relevance, *Teichgraeber*, 932 F.Supp. at 1265, the Court overrules Plaintiff's objections to Requests Nos. 2 and 4.

**B.     Loan Participants' Notes (Requests Nos. 20 and 22).**

The next category of requests at issue relate to "workshops" hosted by Quivira Capital, LLC, a third-party entity that performs collateral preservation services on Loan #4922.  (Doc. 66, at 3.)  The workshops were attended by certain Loan Participants.  Both Quivira and Plaintiff have produced documents relating to the workshops at issue.  (*Id.*; *see also* Doc. 66-1, and 66-2.)  Plaintiff has objected, however, to providing "notes prepared by any representative for any participating lender [Loan Participant]" who attending these two workshops at issue.  (*See* Doc. 65-1, at 6-7.)

Plaintiff argues that the requests are too broadly worded in that they seek notes from "any participating lender who attended the meeting[s]," thus implicating "notes that are not related to this dispute in any way . . . ."  (Doc. 71, at 4.)  Defendant has, however, clarified that it is "not requesting documents relating to other loans, only Loan 4922."  (Doc. 73, at 2.)  The Court finds that this clarification by Defendant adequately ameliorates Plaintiff's concerns regarding the breadth of the requests.

Plaintiff also contends that it does not "control documents that belong to the other lenders that own WPU's loan." (Doc. 71, at 4.)  The parties agree that this issue would be decided by the Court's ruling on Defendant's first motion to compel (Doc. 47), which was pending at the time Defendant filed the present motion.  The Court has since ruled on Defendant's initial motion to compel, addressing  the issue of whether Plaintiff has "possession, custody, or control" – and should be required to produce – certain documents maintained or created by the non-party lenders whose interests Plaintiff claims to represent in this case. (*See* Docs. 83, 93.)

In ruling on Plaintiff's request for the Court to reconsider it's decision on Defendant's prior motion to compel, the Court held that it

> **is not** finding, necessarily, that Plaintiff has the authority, *vis a vis* the non-parties, to obtain their documents and information. Rather, the Court **is holding** that *if* Plaintiff is representing the non-parties' interests in this litigation, and seeks judgment from Defendant on behalf of the non-parties, it has the obligation to provide the information specified in the Order.  It is unfair for the non-parties to prosecute this action through Plaintiff while being shielded from providing discovery.  If Plaintiff lacks the authority to obtain the limited discoverable information from the non-parties, the Court may be forced to examine whether Plaintiff should be allowed to continue to prosecute the claims of those parties in this litigation.

(Doc. 93, at 4-5 (emphasis in original).)  The Court finds that the same principles apply to the documents sought by Requests Nos. 20 and 22.  Because the request

has been limited to documents relating to loan at issue, the Court is satisfied that the information is "central to the Plaintiff's claims." (*See* Doc. 83, at 8.) As such, Defendant's motion is **GRANTED** in regard to these requests.

**C.      Notes from Bank Examiner Meetings (Request No. 23).**

This request seeks notes or memos created by Plaintiff's employees "memorializing any meeting with a bank examiner to review the performance of Loan 4922 . . . ." (Doc. 65-1, at 7.) Plaintiff objects that the request "does not appear to be reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) In its response brief, Plaintiff states that it has no such documents and again contends that it is not withholding any documents on the basis of its objection to Request No. 23. Rather, Plaintiff contends that "like its objections to requests #2 and #4, [Plaintiff's] objection to request #23 should be evaluated – if ever – only if [Plaintiff] identifies any documents that are sought by the request." (Doc. 71, at 5-6.) Plaintiff further contends that "[e]valuating the objection abstractly, without reference to any documents, would be premature." (*Id.*, at 6.)

The Court agrees that not only is evaluating the objection premature, but making the objection is premature as well. As stated above in regard to Requests Nos. 2 and 4, the Court finds this objection to be both premature and improper. Plaintiff's objection to Request No. 23 is overruled.

9

For the reasons set forth above, Plaintiff's objections are overruled and Defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 11th day of January, 2012.

 s/ Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge