**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KENDALL STATE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-2319 JTM/KGG |
| | ) | |
| WEST POINT UNDERWRITERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM SUPPORTING PLAINTIFF'S SECOND MOTION TO COMPEL

After discovery in this action was completed, defendant West Point Underwriters, LLC ("WPU") declared that none of the lenders that purchased interests in the loan at issue—including plaintiff Kendall State Bank—can enforce those interests, contending that the agreements governing that loan were rescinded in an arbitration that WPU covertly initiated against two third parties.  Kendall State Bank asked the Court for permission to conduct discovery about WPU's new contentions, and the Court agreed, permitting the parties to conduct discovery "to determine facts related to the alleged arbitration and award."  Dkt. No. 105 at 1.

When Kendall State Bank served discovery requests addressing those matters, however, WPU objected to more than 97% of those requests, without answering them or producing any documents.  WPU contended that the requests are not reasonably calculated to lead to the discovery of admissible evidence because the arbitration and the resulting award are not at issue in this action—a stunning claim, given that WPU has repeatedly invoked that award as a defense to Kendall State Bank's claims and sought declaratory relief on the basis of that award.  WPU even objected on that basis to requests for rudimentary information about the arbitration—for example, the people who were present—that not only relate to the issues about the effect of that award, but also to the threshold question of whether such a proceeding actually took place.

In the parties' "golden rule" correspondence about WPU's objections, Kendall State Bank pointed out that (1) the Court explicitly authorized discovery about the alleged arbitration and the resulting award, and (2) discovery about those matters relates not only to the validity of the award, but to its application to Kendall State Bank and the other lenders that purchased interests in the loan—an issue that WPU concedes will be litigated in this action.  See Dkt. No. 123 at 2 (stating that WPU "certainly understands" that Kendall State Bank will challenge the application of the award, and noting that WPU "would have no objection" to the assertion of such defenses).   Yet WPU maintained that it would not provide any discovery about the arbitration or the resulting award.

WPU's view that it does not have to provide discovery about those matters, while simultaneously opposing Kendall State Bank's claims and seeking further relief on the basis of that arbitral award, contradicts the fundamental principle governing discovery—that parties can obtain discovery that may lead to the discovery of admissible evidence relating to any claim or any defense by any party.  See Fed. R. Civ. P. 26(b).  And, that position flouts the Court's order allowing parties to conduct discovery "related to the alleged arbitration and award."  Dkt. No. 105 at 2.

So, the Court should overrule WPU's objections to those discovery requests, compel WPU to respond fully to them, and—because WPU knowingly disregarded the Court's previous order governing discovery about the arbitration and the resulting award—the Court should sanction WPU and its counsel by (a) ruling that each of Kendall State Bank's requests for admission are admitted; (b) prohibiting WPU from asserting any claims or defenses on the basis of the arbitration or the resulting award; (c) striking the portions of WPU's pleading that refer or relate to the arbitration or the resulting award; and (d) ordering WPU and its attorneys to pay the

WA 3521899.2

expenses that Kendall State Bank reasonably incurred as a result of WPU's failure to comply with that order.

## STATEMENT OF FACTS

1.      Kendall State Bank filed this action on June 7, 2010, claiming that WPU failed to comply with its obligations relating to a multi-million-dollar commercial loan ("Loan") and seeking damages and declaratory relief on behalf of itself and the other lenders (collectively, "Lenders") that purchased interests in the Loan.  See Dkt. No. 1.

2.      WPU filed a counterclaim, contending that Kendall State Bank and the other Lenders cannot enforce WPU's obligations relating to the Loan.  See Dkt. No. 17.

3.      From 2010 until early 2012, Kendall State Bank and WPU litigated those claims, completing discovery on January 31, 2011.  See Order of Nov. 8, 2011 at 2.

4.      Ten days later, on February 10, 2012, WPU contended—for the first time—that the Loan "does not exist" by virtue of an award ("Award") that WPU allegedly obtained on February 7, 2012 from an arbitrator ("Arbitrator") after an arbitration ("Arbitration") against two third parties.  See Proposed Pretrial Order at 10–11.

5.      WPU did not notify Kendall State Bank or any of the other Lenders about the Arbitration until after the Arbitrator issued the Award.  See Dkt. No. 113 at 8 ¶ 72.

6.      At the pretrial conference on February 15, 2012, Kendall State Bank asked the Court to allow it to conduct discovery "to determine facts related to the alleged arbitration and award."  Dkt. No. 105 at 1.  The Court granted that request, permitting discovery "related to the alleged arbitration and award" until July 6, 2012.  Id. at 2.

7.      On March 23, 2012, Kendall State Bank served six interrogatories, seven requests for production, and sixty-five requests for admission relating to the Arbitration and the Award on WPU.  See Exs. 1, 2, and 3; Dkt. No. 110.

8.      WPU answered two of Kendall State Bank's interrogatories, identifying the date on which it initiated the Arbitration and the claim that WPU asserted in that proceeding.  See Ex. 1 ¶¶ 1, 6.

9.      WPU objected to Kendall State Bank's other four interrogatories and all of Kendall State Bank's sixty-five requests for admission on the ground that they are not reasonably calculated to lead to the discovery of admissible evidence because the Award "is not the subject of a collateral attack or a matter in dispute."  See Ex. 1 ¶¶ 2–5, Ex. 3 ¶¶ 1–65.  WPU did not provide any of the information that those interrogatories and requests for admission seek.

10.     WPU also objected that one of Kendall State Bank's requests for admission is vague and one assumes facts that are not in evidence.  See Ex. 3 ¶¶ 27, 38.

11.     WPU objected to all of Kendall State Bank's eight requests for production on the ground that they are not reasonably calculated to lead to the discovery of admissible evidence and are overly broad because "the Arbitration is not subject to collateral attack in this action."  See Ex. 2 ¶¶ 1–8.  WPU did not produce any of the documents that Kendall State Bank requested.

12.     WPU also objected that three of Kendall State Bank's requests for production seek privileged information, based on the argument that WPU made in its motion to quash.  See Ex. 2 ¶¶ 4–6.

13.     WPU also asserted several other objections that the parties resolved before Kendall State Bank filed this motion.[1]

---

[1] WPU objected to interrogatory #3 on the ground that it is vague, overly broad, and seek information that is protected by the attorney-client privilege.  See Ex. 1 ¶ 3.  WPU objected to request for admission #4 on the ground that it is vague and confusing and objected to request for admission #65 on the ground that it is confusing.  See Ex. 3 ¶¶ 4, 65.

4

14.     On May 3, 2012, Kendall State Bank sent WPU a "golden rule" letter, addressing each of WPU's objections and requesting a response by May 10, 2012.  See Ex. 4.

15.     WPU did not respond to Kendall State Bank's letter by May 10, 2012.

16.     On May 11, 2012, Kendall State Bank contacted WPU again, asking whether WPU intended to respond to that letter.  See Ex. 5.

17.     WPU responded that it had not reviewed Kendall State Bank's letter, but intended to respond to it during the following week.  See id.

18.     On May 16, 2012, WPU responded to that letter.  See Ex. 6.

19.     Three business days later, Kendall State Bank replied to WPU's response, further addressing WPU's objections and asking WPU whether it believed that further negotiation was likely to be productive.  See Ex. 7.

20.     On May 25, 2012, WPU notified Kendall State Bank that it would maintain all of its objections.  See Ex. 8.

21.     Kendall State Bank certifies that it conferred and attempted to confer in good faith with WPU about its objections to the discovery requests at issue by exchanging and consulting the correspondence that is described above before filing this motion to compel in an effort to obtain the discovery at issue without involving the Court.

## QUESTIONS PRESENTED

1.     Whether requests for information and documents relating to a purported arbitral award are reasonably calculated to lead to the discovery of admissible evidence in an action where one party invokes the award as a defense to its adversary's claims and both parties seek affirmative relief relating to the award.

5

2.     Whether documents that a party provided to, or received from, an arbitrator are privileged in an action where the party invokes the arbitrator's purported decision as a defense to its adversary's claims and both parties seek affirmative relief relating to the award.

3.     Whether a request for admission addressing the terms of agreements that are specifically identified and attached to a party's pleading is vague.

4.     Whether a request for admission addressing a fact that the party objecting to the request admitted in its answer, acknowledged in a proposed pretrial order, and testified about at its deposition is based on facts that are not in evidence.

5.     Whether a party that refuses to provide discovery about a matter on the ground that such discovery is not relevant, after the Court explicitly authorized the parties to conduct discovery about that matter—because the party had asserted defenses and other contentions about the matter—should be sanctioned for violating the Court's order authorizing that discovery.

## **ARGUMENT**

### **1.    WPU's objections on the basis of relevance should be overruled**

WPU objected to four of Kendall State Bank's six interrogatories and all of Kendall State Bank's sixty-five requests for admission on the ground that they are not reasonably calculated to lead to the discovery of admissible evidence "because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings."  See Ex. 1 ¶¶ 2–5, Ex. 3 ¶¶ 1–65.  WPU also objected to all of Kendall State Bank's requests for production on the ground that they are not reasonably calculated to lead to the discovery of admissible evidence and are overly broad because "the Arbitration is not subject to collateral attack in this action."  See Ex. 2 ¶¶ 1–8.  Those objections lacks merit because as the record plainly shows, both parties

have asserted claims and defenses relating to the Arbitration and the Award and Kendall State Bank is collaterally attacking the Award.

### A.      <u>Standard of review</u>

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  So, when a party refuses to respond to a discovery request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence, the court must "first determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."  <u>Solis v. La Familia Corp.</u>, No. 10-2400-EFM, 2012 WL 1906508, at *6 (D. Kan. May 25, 2012) (internal punctuation omitted).

During discovery, "[r]elevancy is broadly construed."  <u>United States ex rel. Minge v. TECT Aerospace, Inc.</u>, No. 07-1212-MLB, 2012 WL 1631678, at *3 (D. Kan. May 8, 2012) (Gale, M.J.).  Information and documents are relevant if there is "any possibility" that they may relate to any claim or any defense by any party.  <u>Id.</u>  So, discovery ordinarily should be permitted unless "it is clear" that the information or documents requested cannot have any "possible bearing on the subject matter of the action."  <u>Id.</u>

If a party refuses to provide discovery on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence, the party seeking the discovery must show that the request is "relevant on [its] face."  <u>Id.</u>  That burden of proof is low.  <u>Id.</u>; <u>accord</u> <u>Martin K. Eby Constr. Co. v. OneBeacon Ins. Co.</u>, No. 08-1250-MLB, 2012 WL 1080801, at *3 (D. Kan. Mar.

WA 3521899.2

29, 2012) (Gale, M.J.).[2]  As the Court recently ruled, a discovery request is relevant on its face if it relates to a matter that is raised in a party's pleading.  See Design Basics, LLC v. Strawn, 271 F.R.D. 513, 523, 527 (D. Kan. 2010) (ruling that a discovery request was relevant on its face because it sought information that related to a party's affirmative defense).  Once the party seeking the discovery satisfies that burden—or the discovery is deemed to be relevant—the party objecting to the request must show that the discovery is not relevant, in the context of Rule 26(b)(1), or that the discovery is marginally relevant and providing it would cause harm.  See Solis, No. 10-2400-EFM, 2012 WL 1906508, at *6; Design Basics, LLC, 271 F.R.D. at 523, 527.

### B.   The discovery requests at issue are relevant on their face

All of the discovery requests at issue relate directly to claims or defenses about the Arbitration or the Award that the parties have asserted in their operative pleadings.[3]  See Dkt. Nos. 109, 113, 117.  Those requests seek information and documents that pertain to the threshold question of whether the Arbitration took place, as well as issues about the application of the Award to Kendall State Bank and the other Lenders.

As the Court repeatedly observed in its order permitting the parties to conduct discovery about the Arbitration, WPU's claim and defenses about the Award are based merely on allegations about the Arbitration.  See Dkt. No. 105 at 1, 2 (referring to "the alleged arbitration and award").  Other than a document entitled "Arbitration Award" that WPU attached to its

---

[2]  Other judges in this Court have analyzed this issue slightly differently, ruling that if the discovery at issue appears to be relevant, the party objecting to the request bears the burden of proving that the discovery is not within the scope of Rule 26(b)(1), without requiring the party seeking the discovery to satisfy any initial burden of proof.  See, e.g., Solis, No. 10-2400-EFM, 2012 WL 1906508, at *6; Design Basics, LLC, 271 F.R.D. at 523.

[3]  As seventy-six discovery requests are at issue and the parties have asserted dozens of claims and defenses in this action, it would be highly impractical to identify every potential connection between those requests, claims, and defenses that would show that those requests are permitted by Rule 26(b)(1).  Kendall State Bank identifies at least one such connection for each of those requests to satisfy any burden of proving that they are relevant on their face.

WA 3521899.2

operative pleading, correspondence relating to Kendall State Bank's efforts to obtain information about the Arbitration, and its responses to two of Kendall State Bank's interrogatories, WPU has not provided any evidence to substantiate its claim that the Arbitration took place.

However, if the Award has any effect, it must be—at a minimum—the result of a proceeding that actually occurred.  Kendall State Bank is entitled to conduct discovery to determine whether the Arbitration took place.[4]  The identity and the role of the people and entities that were present during the Arbitration—the subject of interrogatories #2–5 and requests for admission #5, 6, and 11–19—relate to that issue, as those people and entities can testify about whether the Arbitration occurred.  Other information about the Arbitration—including its date and place, the subjects of request for admission #9 and 10—also relate to whether such a proceeding took place.  So, each of those requests is, on its face, relevant.

If the Arbitration actually occurred, whether the Award can be enforced against Kendall State Bank and the other Lenders, or otherwise affects their interests in the Loan, likely will depend on whether Kendall State Bank and the other Lenders knew about, consented to, and had a meaningful, fair opportunity to defend their interests in the Arbitration.  See, e.g., Dkt. No. 117 at 5–7 ¶¶ 10–12, 17–19, 23–24; Dkt. No. 120 at 31–35.  Whether WPU notified Kendall State Bank and the other Lenders about the Arbitration, the subject of requests for admission #20–23,

---

[4] When WPU claimed that Kendall State Bank could not enforce WPU's obligations relating to the Loan because a third party allegedly engaged in fraud, Kendall State Bank was entitled to conduct discovery about that claim.  When WPU contended that Kendall State Bank's claims lacked merit because WPU complied with its obligations relating to the Loan, Kendall State Bank was entitled to conduct discovery about that contention.  But, WPU contends that its new contentions about the Arbitration and the Award are not subject to similar scrutiny.  Arguing that information about those matters is not likely to lead to the discovery of admissible evidence in this action, even though WPU's position depends heavily on the Award, is evidently the product of desperation.

relates to that issue.[5]   Similarly, whether WPU served any of its filings in the Arbitration on Kendall State Bank and the other Lenders, the subject of requests for admission #24–25, also relates to that issue.   Whether Kendall State Bank and the other Lenders agreed with the designation of the Arbitrator, the subject of requests for admission #7–8, also relates to that issue.   Whether the Arbitrator was designated under one of the agreements in which Kendall State Bank and the other Lenders purchased interests, which request for admission #4 addresses, also relates to that issue.   And, the identity and the role of the people and entities that were present during, and participated in, the Arbitration—the subject of interrogatories #2–5 and requests for admission #5, 6, and 11–19, and a matter that requests for production #2, 3, 7, and 8 address—relate to that issue, as that information may show whether Kendall State Bank and the other Lenders' interests were protected by anyone else that participated in the Arbitration.

The effect of the Award also likely will depend on whether the Arbitrator was aware that Kendall State Bank and the other Lenders had interests in the Loan, even though they were not notified about the Arbitration.   See Dkt. No. 10–11; Dkt. No. 120 at 20–31.   Whether WPU notified the Arbitrator that it (a) explicitly—and "unconditionally"—agreed that lenders that purchased participatory interests in the Loan can enforce WPU's obligations relating to the Loan, (b) agreed that those lenders could enforce those interests regardless of any claims that WPU has against a third party, Aleritas Capital Corporation ("Aleritas"), and (c) waived "all rights of offset or counterclaim" against those lenders—the subject of requests for admission #43 and 44, and a matter that requests for production #1, 4, and 5 address—relates to that issue.

---

[5] After WPU objected to those discovery requests, WPU filed its operative pleading, where WPU admitted that it did not notify Kendall State Bank or the other Lenders about the Arbitration until February 10, 2012, several days after the Award allegedly was issued.   See Dkt. No. 113 at 8 ¶ 72.   WPU's insistence that those requests are not reasonably calculated to lead to the discovery of admissible evidence, even though WPU addressed the subjects of those requests in its pleading, is incoherent.

Whether WPU notified the Arbitrator about the existence or terms of the agreements by which Kendall State Bank and the other Lenders purchased interests in the Loan, that those lenders purchased those interests, or even that those lenders claim to have interests in the Loan—the subject of requests for admission #26–37 and 40–42, and a matter that requests for production #1, 4, and 5 address—relate to that issue.  Whether WPU notified the Arbitrator that it knew that Kendall State Bank and the other Lenders had purchased interests in the Loan, even though WPU failed to notify those lenders about the Arbitration—facts addressed by requests for admission #62–65, and a matter that requests for production #1, 4, and 5 address—relate to that issue.

Whether WPU disclosed to the Arbitrator that Kendall State Bank acquired the right to service the Loan in 2008 and had serviced the Loan since that time—the subject of request for admission #38, 39, and 57 and a matter that requests for production #1, 4, and 5 address—relates to that issue.  Similarly, whether WPU disclosed to the Arbitrator that since 2008 it had not made payments to Aleritas or communicated with Aleritas about the Loan, other than to serve certain filings in litigation over the Loan—the subject of requests for admission #56 and 57 and a matter that requests for production #1, 4, and 5 address—relate to that issue.

Whether WPU notified the Arbitrator that it had previously sought the rescission of its obligations relating to the Loan without notifying Kendall State Bank and the Lenders, and that a court in New York rejected that stratagem—facts that requests for admission #50–52, 58, and 60 and requests for production #1, 4, and 5 address—relates to that issue.  And, whether WPU notified the Arbitrator about this action and about the Court's order in this action in 2010, an order in which the Court ruled that Kendall State Bank has rights relating to the Loan—the

subject of requests for admission #54, 59, and 61 and a matter that requests for production #1, 4, and 5 address—relates to that issue.

The effect of the Award also likely will depend on whether WPU waived its right to arbitrate any disputes about the Loan. <u>See</u> Dkt. No. 117 at 6 ¶ 20; Dkt. No. 120 at 13–19. Whether WPU initiated the Arbitration or responded to a demand by another entity, the subject of requests for admission #1–3 and a matter that requests for production #6–8 address, is relevant to that issue. Finally, whether the Award should be modified or corrected may depend on whether WPU concealed evidence about the benefits that it reaped from the Loan, including the profits that it earned by investing proceeds of the Loan in a holding company that owns an insurance company, facts that requests for admission #43–49 and requests for production #1, 4, and 5 address. <u>See</u> Dkt. No. 120 at 39–40.

As all of the discovery requests at issue relate directly to at least one claim or defense that has been asserted in this action, all of those requests are relevant on their face. So, WPU bears the burden of proving that the discovery at issue does not fall within the scope of Rule 26(b)(1).

**C.**     <u>**WPU's objections to the interrogatories and requests for admission at issue lack merit**</u>

WPU cannot satisfy that burden of proof. Its objection to the interrogatories and requests for admission at issue is wrong, factually and legally.

**i.**     <u>**The Arbitration and the Award are in dispute**</u>

First, WPU's claim that the Award "is not … a matter in dispute" is plainly false. Both parties have asserted claims and defenses relating to the Award in their operative pleadings, as well as in other filings. <u>See</u> Dkt. Nos. 109, 113, 117, 120. WPU repeatedly invokes the Arbitration and the Award in its answer, contending that Kendall State Bank cannot prevail on its claims because the Loan was rescinded. <u>See</u> Dkt. No. 113 at 1–8 ¶¶ 6, 7, 8, 30, 35, 37, 39, 42,

43, 50, 77.  For example, in response to Kendall State Bank's allegation that WPU "unconditionally" agreed that lenders that purchased participatory interests in the Loan can enforce WPU's obligations relating to the Loan, waiving "all rights of offset or counterclaim" against those lenders, WPU admitted that it made that agreement, yet contended that its agreement is void as a result of the Award.  Id. ¶ 8.[6]

Additionally, WPU also seeks affirmative relief relating to the Award.   In its counterclaim, WPU alleges that it participated in the Arbitration and obtained the Award, contends that the agreements governing the Loan were rescinded in the Arbitration, and asks the Court to declare that, as a result of the Award, WPU does not owe any obligations relating to the Loan to Kendall State Bank or the other lenders that are participating in the Loan.  Id. at 10–11 ¶¶ 5, 9.

In response to WPU's counterclaim, Kendall State Bank asserted twenty-five affirmative defenses addressing the application of the Arbitration and the Award.  See Dkt. No. 117 ¶¶ 9–34.  And, Kendall State Bank separately filed a motion to vacate, modify, or correct the Award, challenging it on several grounds.  See Dkt. No. 120.

Moreover, three of Kendall State Bank's four causes of action in its operative complaint relate to the Arbitration or the Award.   In count one, Kendall State Bank alleges that WPU disputes that Kendall State Bank and the other lenders that own interests in the Loan can enforce WPU's obligations relating to it—a dispute that originally focused on WPU's claim that a third party engaged in fraud with respect to the Loan, but now reflects WPU's contentions about the Arbitration and the Award—and Kendall State Bank seeks a declaration about those lenders' rights relating to the Loan.  See Dkt. No. 109 ¶¶ 24–31.  In count three of its pleading, Kendall

---

[6] Similarly, in the parties' proposed pretrial order, WPU contended that Kendall State Bank cannot enforce its interests in the Loan by virtue of the Award.

State Bank claims that WPU repudiated its obligations relating to the Loan by declaring that the Loan "does not exist" by virtue of the Award.  Id. ¶¶ 40–48.  And, in count four of its pleading, Kendall State Bank claims that WPU breached one of the agreements governing the Loan by secretly participating in the Arbitration, causing Kendall State Bank "to reasonably believe that [it] will have difficulty collecting the Loan."  Id. ¶¶ 65, 70–74.

Thus, the parties' pleadings and other filings demonstrate that the Arbitration and the Award are among the matters in dispute in this action.  In fact, the parties' pleadings show that the validity and effect of the Arbitration and the Award are among the primary matters in dispute in this action.  For that reason, the Court allowed discovery for the purpose of "determin[ing] facts related to the alleged arbitration and award."   See Dkt. No. 105 at 1, 2.   That order contradicts WPU's objection that information about the Arbitration and Award is categorically irrelevant.   The Court's order granting the parties more than four months to "complet[e] discovery related to the alleged arbitration and award" would be meaningless if information about the Arbitration and the Award were not subject to discovery.  See id.  Thus, the record refutes WPU's objection that those issues are not disputed, and that objection does not justify WPU's refusal to respond to Kendall State Bank's discovery requests.

### ii.    Kendall State Bank is collaterally attacking the Award

WPU's objection that the Award "is not the subject of a collateral attack" is also plainly wrong.  It is well-established that a "collateral attack" on a decision is one that is brought in a different proceeding than the one in which the decision was made.  See Johnson v. Manhattan Ry. Co., 289 U.S. 479, 495–96 (1933) (holding that a party that challenged an order in a separate action "engaged in a collateral attack"); see also Amrine v. Tines, 131 F.2d 827, 833 (10th Cir. 1942) (ruling that an attack on a judgment in a different court "is a collateral attack").

On April 26, 2012, Kendall State Bank—responding to WPU's assertion of claims and defenses relating to the Award in this action—asserted affirmative defenses challenging the application of the Award. <u>See</u> Dkt. No. 117 at 4–8 ¶¶ 9–33. As the Award was allegedly entered in the Arbitration, not this action, those affirmative defenses constitute a collateral challenge to the Award. Similarly, on May 3, 2012, Kendall State Bank moved to vacate, modify, or correct the Award. See Dkt. No. 120. That motion is also a collateral attack on the Award. Thus, the Award is—as the Court's docket plainly shows—being collaterally attacked in this action, and WPU's contention about the existence of a "collateral attack" on the Award in this action does not justify WPU's refusal to respond to Kendall State Bank's discovery requests.

### iii.   WPU's objection is legally wrong

Finally, WPU's focus on the existence of a "collateral attack" on the Award is misguided. Rule 26(b)(1) defines the scope of discovery with respect to "any party's claim or defense," without limiting discovery to issues raised by certain types of claims and defenses. Stated differently, the existence of a collateral attack on the Award in this action does not determine whether Kendall State Bank is entitled to conduct discovery about the Arbitration and the Award. The existence of "any … claim or defense" relating to the Arbitration justifies discovery that is reasonably calculated to lead to the discovery of admissibility evidence relating to that claim or defense. <u>See</u> Fed. R. Civ. P. 26(b)(1). So, WPU's position that the relevance of Kendall State Bank's discovery requests depends on the existence of a certain kind of claim—a collateral attack—is wrong. Accordingly, WPU's objection that the interrogatories and requests for admission at issue are not reasonably calculated to lead to the discovery of admissible evidence is wrong. It does not justify WPU's refusal to respond to those discovery requests, and it should be overruled.

WA 3521899.2

**D.** **WPU's objections to the requests for production at issue on the basis of relevance and breadth lack merit**

WPU cannot satisfy its burden of proof with respect to the requests for production at issue, either. As Kendall State Bank explains above, the outcome of the Arbitration is being collaterally attacked in this action. And, even if Kendall State Bank had not collaterally attacked the Award in this action, the scope of discovery is determined by the parties' claims and defenses generally—not merely by certain types of claims and defenses, such as a collateral attack, as Kendall State Bank explains above. See Fed. R. Civ. P. 26(b). Thus, because both parties have asserted claims and defenses relating to the Arbitration and the Award, Kendall State Bank is entitled to discovery about those matters. And, because the requests for production at issue relate directly to the parties' claims and defenses, they are not too broad.

In its response to Kendall State Bank's "golden rule" letter, WPU argued that Kendall State Bank is not entitled to discovery about the Arbitration and the Award because the Award should not be collaterally attacked in this action. However, as the Tenth Circuit has held, the "actual claims and defenses" in an action determine the scope of discovery. See In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1184 (10th Cir. 2009). Significantly, the Cooper court did not hold that the claims that one party believes should be litigated in an action determine the scope of discovery. Thus, WPU's belief about the legitimacy of Kendall State Bank's claims about the Arbitration and the Award is irrelevant.[7]

_____

[7] WPU initially raised this argument in its motion to strike some of Kendall State Bank's affirmative defenses, and Kendall State Bank addresses that argument in its response to that motion. Even if WPU's contention about the legitimacy of challenging the Award in this action were correct, the parties will still litigate whether the Award can be applied against Kendall State Bank and the other Lenders, as WPU concedes. See Dkt. No. 123 at 2. Kendall State Bank likely will argue, for example, that enforcing the Award against the Lenders would violate their rights to due process. That argument will depend on whether the Lenders had a meaningful opportunity to defend their interests in the Arbitration. Information about whether the Lenders were notified about the Arbitration, who participated in the Arbitration, who testified at the

WA 3521899.2

2.      **WPU's submissions in the Arbitration are not privileged**

WPU objects that three of Kendall State Bank's requests for production seek privileged documents, reiterating the argument that WPU made in its motion to quash Kendall State Bank's subpoena to the organization that allegedly presided over the Arbitration.  See Ex. 2 ¶¶ 4–6, Ex. 6 at 2.  As Kendall State Bank explains in its response to that motion, WPU's filings and exhibits that it presented at the Arbitration—in particular, documents that WPU also provided to third parties—are not privileged.   See Dkt. No. 114.   Accordingly, WPU's objection that these requests for production seek privileged documents should be overruled.

3.      **WPU's other objections lack merit**

A.      **Request for admission #27 is not vague**

Kendall State Bank asked WPU to admit that it "did not notify the Arbitrator about the terms of the agreements that are attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit C."  Ex. 3 ¶ 27.  WPU objected to that request on the ground that its reference to those terms is vague.  Id.

That request specifically identifies the agreements at issue, identifying an exhibit to Kendall State Bank's operative pleading.  That exhibit comprises the participation agreements by which Kendall State Bank and other lenders purchased interests in the Loan.  Those agreements are short and similar, and Kendall State Bank and WPU have engaged in litigation about them since 2010.  It is difficult to believe that WPU genuinely does not know which terms are at issue.  However, to eliminate any possibility of confusion, in its "golden rule" letter Kendall State Bank illustrated that request by providing several examples of the terms at issue—noting, for example,

---

Arbitration, and the arguments that were made at that proceeding are plainly relevant to that issue.  Thus, even if only the application of the Award was litigated in this action, Kendall State Bank still would be entitled to the discovery at issue.

that the request relates to the provisions showing that Kendall State Bank and the other Lenders are "for all purposes the legal and equitable owner[s]" of their interests in the Loan, and that they acquired the right to assume the administration of the Loan if any of several specified events occurred.  See Ex. 4 at 3.  WPU responded by claiming that Kendall State Bank's provision of examples "greatly expands" the request.  That is nonsense.  All of the examples that Kendall State Bank provided were drawn directly from the agreements that the request specifically identifies.  Compare id. with Dkt. No. 109-3 at 1–2 (stating terms of one of those agreements). The request is straightforward.  If WPU did not notify the Arbitrator about the terms of those agreements, WPU should admit the request.  If WPU notified the Arbitrator about any of those terms, WPU should respond accordingly.  In any case, however, WPU's objection to this request should be overruled.

**B.**     **Request for admission #38 does not assume any facts that are not in evidence**

Kendall State Bank asked WPU to admit that it "did not notify the Arbitrator that Kendall State Bank acquired the right to service the Loan on about September 11, 2008."  Ex. 3 ¶ 38. WPU objected to that request on the ground that the request assumes facts that are not in evidence.  See id.

The Court recently overruled such an objection because the objecting party had acknowledged the fact at issue.  See Martin K. Eby Constr. Co., No. 08-1250-MLB, 2012 WL 1080801, at *5.  As in that case, WPU has repeatedly acknowledged the fact at issue—that Kendall State Bank is servicing the Loan.  For example, WPU admitted in its operative pleading that "the payment servicing of the Loan was transferred … to Kendall [State Bank]."  Dkt. No. 113 at 2 ¶ 13.  Similarly, on page 9 of the parties' proposed pretrial order, WPU acknowledged that Kendall State Bank began servicing the Loan in September 2008.  And, at its deposition WPU testified that Kendall State Bank was "taking over [as] the servicer" in September 2008.

<u>See</u> Ex. 9 at 139:17–140:23.  Because WPU has repeatedly acknowledged that Kendall State

Bank is servicing the Loan, request for admission #38 is based on a fact that is evidence.

Accordingly, WPU's objection to that request should be overruled.[8]

**4.      WPU should be sanctioned for violating the Court's order governing discovery about the Arbitration and Award**

Rule 37(b)(2) authorizes the Court to impose sanctions when a party "fails to obey an

order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  The sanctions can include

the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

<u>Id.</u>  Additionally, the Court may "order the disobedient party, the attorney advising that party, or

both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust."

---

[8] In its response to Kendall State Bank's "golden rule" letter, WPU claimed that it had acknowledged only that Kendall State Bank was handling "payment servicing" for the Loan, not servicing it generally.  See Ex. 6 at 3.  That claim is plainly false, as WPU's testimony demonstrates: at its deposition, WPU testified that Kendall State Bank became "the servicer" of the loan, without distinguishing between "payment servicing" and servicing generally.  See Ex. 9 at 139:17–140:23.

WA 3521899.2

Fed. R. Civ. P. 37(b)(2)(C).[9]   Sanctions must be just and related to the claims at issue in the order regarding discovery.   <u>Myers v. Colgate-Palmolive Co.</u>, 26 F. App'x 855, 862 (10th Cir. 2002).

At the pretrial conference on February 24, 2012, the Court granted Kendall State Bank's request for permission to investigate WPU's new allegations about the Arbitration and the Award.   On February 28, 2012, the Court issued an order that explicitly authorizes the parties to conduct discovery for the purpose of "determin[ing] facts related to the alleged arbitration and award."   <u>See</u> Dkt. No. 105 at 1.   The order gave the parties more than four months—until July 6, 2012—to conduct discovery "related to the alleged arbitration and award."   <u>Id.</u> at 2.   Several weeks later, Kendall State Bank asserted three causes of action relating to the Arbitration and the Award, WPU responded by asserting new defenses and a claim relating to those matters, and Kendall State Bank replied by asserting affirmative defenses to WPU's new claim about the Award.   <u>See</u> Dkt. Nos. 109, 113, 117.

The Court's order allowing discovery about the Arbitration and the Award would be meaningless if discovery about those matters categorically is not reasonably likely to lead to the discovery of admissible evidence, as WPU contends.   By refusing to respond to the discovery requests at issue on the ground that the Arbitration and Award are not at issue in this action— which is plainly false, as well as inconsistent with the Court's recognition that WPU had made allegations about the Arbitration and the Award in this action, <u>see</u> Dkt. No. 105 at 1, 2—WPU

---

[9] Similar relief is also warranted under Rule 41, which authorizes the Court to dismiss all or part of this action as a sanction for WPU's failure to comply with the Court's order about discovery relating to the Arbitration and the Award.   <u>See</u> Fed. R. Civ. P. 41(b), (c) (specifying that Rule 41 also applies to counterclaims).   And, the Court should exercise its inherent power to impose sanctions.   <u>See, e.g.</u>, <u>Freddie v. Marten Transport, Ltd.</u>, 428 F. App'x 801, 803 (10th Cir. 2011).

WA 3521899.2

flouted the Court's order that explicitly allows the parties to conduct discovery about those matters.

An appropriate sanction for this conduct would be (a) to rule that each of Kendall State Bank's requests for admission about the Arbitration and the Award are admitted; (b) to prohibit WPU from asserting any claims or defenses on the basis of the Arbitration or the Award; (c) to strike the portions of WPU's pleading that refer or relate to the Arbitration or the Award; and (d) to order WPU and its attorneys to pay the expenses that Kendall State Bank reasonably incurred as a result of WPU's failure to comply with that order.

## CONCLUSION

For these reasons, Kendall State Bank asks the Court to overrule WPU's objections to Kendall State Bank's discovery requests about the Arbitration and the Award, to compel WPU to respond to those requests, to sanction WPU for flouting the Court's order that explicitly permits the parties to conduct discovery about the Arbitration and Award, and for any other relief that the Court deems just.

Respectfully submitted,

 /s/ J. Loyd Gattis
Barry L. Pickens                  KS #15822
    bpickens@spencerfane.com
Nathan A. Orr                     KS #20183
    norr@spencerfane.com
J. Loyd Gattis                    KS #23510
    lgattis@spencerfane.com
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)

*Attorneys for plaintiff Kendall State Bank*

WA 3521899.2

## <u>CERTIFICATE OF SERVICE</u>

On June 6, 2012, this filing was served on the attorneys for every party to this action by the notice of filing generated by the Court's Case Management/Electronic Case Filing system.

/s/ J. Loyd Gattis
**Attorney for plaintiff Kendall State Bank**
