**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KENDALL STATE BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-cv-2319 JTM/KGG** |
| | ) | |
| **WEST POINT UNDERWRITERS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**WEST POINT UNDERWRITERS, LLC'S RESPONSES TO PLAINTIFF'S THIRD REQUESTS FOR ADMISSION**

COMES NOW Defendant West Point Underwriters, LLC ("WPU"), and in response to Plaintiff Kendall State Bank's Third Requests for Admission, states as follows:

**REQUESTS FOR ADMISSION**

1. Admit that WPU initiated the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

2. Admit that Aleritas initiated the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

3. Admit that BCA initiated the Arbitration.



**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

4. Admit that the Arbitrator was designated, at least in part, pursuant to the agreement that is attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit A.

**RESPONSE:** WPU objects that this request is vague and confusing. Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

5. Admit that Richard H. Ralston presided over the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

6. Admit that Richard H. Ralston was the only person who presided over the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

7. Admit that Kendall State Bank did not consent to the designation of the Arbitrator.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

8. Admit that the Lenders did not consent to the designation of the Arbitrator.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

9. Admit that the Hearing was held on January 31, 2012.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

10. Admit that the Hearing was held at the offices of Holman Schiavone, LLC at 4600 Madison Avenue, Kansas City, Missouri 64111.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

11. Admit that Aleritas did not appear at the Hearing.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

12. Admit that BCA did not appear at the Hearing.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

13. Admit that WPU was the only party that appeared at the Hearing.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

14. Admit that Aleritas did not appear at any hearing or conference that WPU identified in response to interrogatory #3 of Kendall State Bank's Fourth Interrogatories to WPU.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

15. Admit that BCA did not appear at any hearing or conference that WPU identified in response to interrogatory #3 of Kendall State Bank's Fourth Interrogatories to WPU.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

16. Admit that WPU was the only party that appeared at any hearing or conference that WPU identified in response to interrogatory #3 of Kendall State Bank's Fourth Interrogatories to WPU.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

17. Admit that Aleritas did not participate in the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

18. Admit that BCA did not participate in the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

19. Admit that WPU was the only party that participated in the Arbitration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

20. Admit that WPU did not notify Kendall State Bank about the Arbitration until after the Award had been issued.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

21. Admit that WPU did not notify Kendall State Bank about the Arbitration at any time before February 10, 2012.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

22. Admit that WPU did not notify the Lenders about the Arbitration until after the Award had been issued.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

23. Admit that WPU did not notify the Lenders about the Arbitration at any time before February 10, 2012.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

24. Admit that WPU did not serve any of its filings in the Arbitration on Kendall State Bank.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

25. Admit that WPU did not serve any of its filings in the Arbitration on the Lenders.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

26. Admit that in the Arbitration WPU did not notify the Arbitrator about the existence of the agreements that are attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit C.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

27. Admit that in the Arbitration WPU did not notify the Arbitrator about the terms of the agreements that are attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit C.

**RESPONSE:** Objection. This request is vague as to which agreement terms are being referenced. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

28. Admit that WPU did not notify the Arbitrator that Kendall State Bank purchased an interest in the Loan from Aleritas by an agreement dated November 21, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

29. Admit that WPU did not notify the Arbitrator that Bank 7 purchased an interest in the Loan from Aleritas by an agreement dated November 21, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

30. Admit that WPU did not notify the Arbitrator that Bank of Leeton purchased an interest in the Loan from Aleritas by an agreement dated February 23, 2007.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

31. Admit that WPU did not notify the Arbitrator that Citizens Community Bank purchased an interest in the Loan from Aleritas by an agreement dated November 21, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

32. Admit that WPU did not notify the Arbitrator that First Bank of Kansas City purchased an interest in the Loan from Aleritas by an agreement dated November 21, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

33. Admit that WPU did not notify the Arbitrator that Home Federal Savings and Loan Association purchased an interest in the Loan from Aleritas by an agreement dated November 21, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

34. Admit that WPU did not notify the Arbitrator that Peabody State Bank purchased an interest in the Loan from Aleritas by an agreement dated November 21, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

35. Admit that WPU did not notify the Arbitrator that Security State Bank purchased an interest in the Loan from Aleritas by an agreement dated July 23, 2008.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

36. Admit that WPU did not notify the Arbitrator that Thunder Bank purchased an interest in the Loan from Aleritas by an agreement dated December 29, 2005.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

37. Admit that WPU did not notify the Arbitrator that TriCentury Bank purchased an interest in the Loan from Aleritas by an agreement dated January 6, 2006.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

38. Admit that WPU did not notify the Arbitrator that Kendall State Bank acquired the right to service the Loan on about September 11, 2008.

**RESPONSE:** Objection. This request assumes facts not in evidence. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

39. Admit that WPU did not notify the Arbitrator that WPU has made payments on the Loan to Kendall State Bank since about September 11, 2008.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

40. Admit that WPU did not notify the Arbitrator that Kendall State Bank claims to have interests in the Loan.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

41. Admit that WPU did not notify the Arbitrator that the Lenders purchased interests in the Loan.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

42. Admit that WPU did not notify the Arbitrator that the Lenders claim to have interests in the Loan.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

43. Admit that WPU did not address the terms of paragraph 6 of the loan agreement that is attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit A at the Hearing.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

44. Admit that WPU did not address the terms of paragraph 6 of the loan agreement that is attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit A at at any hearing or conference that WPU identified in response to interrogatory #3 of Kendall State Bank's Fourth Interrogatories to WPU.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

45. Admit that WPU did not notify the Arbitrator that WPU used $2,500,000 of the proceeds of the Loan to invest in Jerger Holdings Corporation.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

46. Admit that WPU did not notify the Arbitrator that in exchange for its investment in Jerger Holdings Corporation, WPU received approximately 38% of the outstanding stock of Jerger Holdings Corporation.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

47. Admit that WPU did not notify the Arbitrator that Jerger Holdings Corporation owns American Traditions Insurance Company.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

48. Admit that WPU did not present any evidence about American Traditions Insurance Company's financial performance at the Hearing.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

49. Admit that WPU did not present any evidence about American Traditions Insurance Company's financial performance at any hearing or conference that WPU identified in response to interrogatory #3 of Kendall State Bank's Fourth Interrogatories to WPU.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

50. Admit that WPU did not notify the Arbitrator about the New York Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

51. Admit that WPU did not notify the Arbitrator about the order dated May 31, 2011 that was issued in the New York Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

52. Admit that WPU did not notify the Arbitrator about the order dated September 21, 2011 that was issued in the New York Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

53. Admit that WPU did not notify the Arbitrator about this action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

54. Admit that WPU did not notify the Arbitrator about the order dated September 16, 2010 that was issued in this action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

55. Admit that WPU did not notify the Arbitrator that Aleritas has not demanded any payment relating to the Loan from WPU since November 1, 2008.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

56. Admit that WPU did not notify the Arbitrator that the only communications relating to the Loan between WPU and Aleritas on or after November 1, 2008 were WPU's Notice of Service, Summons, and Verified Amended Complaint in the New York Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

57. Admit that WPU did not notify the Arbitrator that no entity other than Kendall State Bank and its agents has demanded any payment relating to the Loan from WPU since January 1, 2009.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

58. Admit that WPU's claim in the Arbitration that the Loan should be rescinded because Aleritas allegedly fraudulently induced WPU to obtain the Loan was one of the claims that WPU asserted in the New York Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

59. Admit that WPU's claim in the Arbitration that the Loan should be rescinded because Aleritas allegedly fraudulently induced WPU to obtain the Loan was one of the claims that WPU asserted in its counterclaim in this action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

60. Admit that WPU's claim in the Arbitration that WPU's obligations relating to the Loan should be rescinded was one of the claims that WPU asserted in the New York Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

61. Admit that WPU's claim in the Arbitration that WPU's obligations relating to the Loan should be rescinded was one of the claims that WPU asserted in its counterclaim in the Kansas Action.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

62. Admit that WPU retained National Capital Advisors, Inc. to monitor the banks that are participating in the Loan.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

63. Admit that National Capital Advisors, Inc. was consulting with and assisting WPU with respect to the Loan on about August 5, 2009.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

64. Admit that Kendall State Bank provided a list of the lenders that were participating in the Loan on about August 5, 2009 to National Capital Advisors, Inc.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

65. Admit that National Capital Advisors, Inc. provided the list that is identified in request for admission #56 to WPU.

**RESPONSE:** Objection. This request is confusing as to what list is being referenced. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence because the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings.

Respectfully submitted by:

**LONG & LUDER, P.A.**

By: ______________________

Scott C. Long KS#15208
John R. Weist KS#16834
9401 Indian Creek Pkwy., Suite 800
P.O. Box 26287
Overland Park, Kansas 66225-6287
(913) 491-9300 Telephone
(913) 491-9323 Facsimile
SLong@LLLaw.com
JWeist@LLLaw.com
**ATTORNEYS FOR DEFENDANT WEST POINT UNDERWRITERS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2012, the above and foregoing was served by the method or methods specified below:

______ By **electronically** filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.
______ By **hand delivery** to the parties set forth below or on the attached.
______ Via **overnight courier service** in a sealed prepaid envelope.
______ Via **Electronic Mail** to the parties set forth below.

__X__ Via U.S. mail, first class, postage prepaid, to the parties below:

Nathan A. Orr, Esq.
Barry L. Pickens, Esq.
J. Lloyd Gattis, Esq.
Spencer Fane Britt & Browne
1000 Walnut Street, Ste. 1400
Kansas City, MO 64106
816-474-8100
816-474-3216 – fax
**ATTORNEYS FOR PLAINTIFF**

______________________________
Attorney for Defendant West Point Underwriters, LLC