## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDALL STATE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2319-JTM/KGG |
| ) | |
| WEST POINT UNDERWRITERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is the "Motion to Quash Subpoena Duces Tecum to Third Party American Arbitration Association" filed by Defendant West Point Underwriters, LLC. (Doc. 112.) Defendant West Point Underwriters ("Defendant" or "WPU") seeks an Order quashing Plaintiff's subpoena, contending that it "seeks privileged documents and tangible things that are privileged, and WPU has a statutory right to claim – and does claim – privilege with regard to the documents and tangible things" sought by Plaintiff. (*Id.*, at 1.) Having reviewed the submissions and exhibits presented by the parties in addition to other relevant filings and Orders in this case, the Court **DENIES** Defendant's motion for the reasons set forth below.

## BACKGROUND

Plaintiff's claims result from a commercial loan ("Loan 4922" or "the Loan") made by Brooke Credit Corporation (l/k/a Aleritas Capital Corporation) to Defendant West Point Underwriters (Defendant). (Doc. 76, Second Amended Complaint, at ¶ 8.) Aleritas is alleged to have sold participations in the Loan to Plaintiff Kendal State Bank (Plaintiff) and other banks. (*Id*., at ¶ 14.) Other relevant facts are summarized in this Court's prior Order of January 11, 2012, and are incorporated herein by reference. (Doc. 97, at 2-4.)

For purposes of this motion, it is undisputed that Defendant and Aleritas were parties to an arbitration held before the American Arbitration Association ("AAA"). It is further undisputed that the loan agreement between Defendant and Aleritas required such arbitration of any disputes or claims by Defendant. (*See* Doc. 112, at 2.)

At the initial Pretrial Conference, the undersigned Magistrate Judge addressed Defendant's request, and Plaintiff's objection, to include in the Pretrial Order "defenses and contentions related to an arbitration award allegedly received by the Defendant against a third party within the last 30 days." (Doc. 105, at 1.) After allowing Defendant to plead the issue, the Court granted Plaintiff's request to re-open discovery "to determine facts related to the alleged arbitration and award."

(*Id*.)  Plaintiff was subsequently allowed leave to amend its Complaint as a result. (*See* Doc. 109.)

Prior to filing the Amended Complaint, Plaintiff served notice of the subpoena at issue.  (Doc. 108.)  The subpoena requested that the AAA produce its "case file for West Point Underwriters, LLC v. Aleritas Capital Corp., No 57-148-00108-11 ("Arbitration"), including all filings, exhibits, transcripts, and recordings in that proceeding" as well as "[a]ll other non-privileged documents, electronically stored information, and other tangible things relating to the Arbitration that are in your possession, custody, or control."  (Doc. 108-1.)  Thereafter, Defendant timely filed its present motion, seeking to quash the subpoena.  (Doc. 112.)

## DISCUSSION

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>                        * * *
>                 (A) forbidding the disclosure or discovery;

3

(B) specifying terms, including time and place, for
the disclosure or discovery;
* * *
(D) forbidding inquiry into certain matters, or
limiting the scope of disclosure or discovery to
certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the

request.  *Id*.; ***Sloan v. Overton***, No. 08-2571-JAR-DJW, 2010 WL 3724873

(D.Kan. Sept. 17, 2010).  To establish "good cause" within the meaning of Rule

26(c), the party must clearly define the potential injury to be caused by

dissemination of the information.  ***Zhou v. Pittsburg State Univ.***, No. 01-2493-

KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

In addition, Federal Rule of Civil Procedure 26(b)(1) provides, in relevant

part:

> [u]nless otherwise limited by court order, the scope of
> discovery is as follows:  Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to any
> party's claim or defense-including the existence,
> description, nature, custody, condition, and location of
> any documents or other tangible things and the identity
> and location of persons who know of any discoverable
> matter.  For good cause, the court may order discovery of
> any matter relevant to the subject matter involved in the
> action.  Relevant information need not be admissible at
> the trial if the discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

4

Fed.R.Civ.P. 26(b)(1).

Defendant brings the present motion arguing that the subpoena *duces tecum* served on AAA, discussed *supra*, seeks privileged documents and tangible things. (Doc. 112.)  Although the subpoenas were not served on Defendant, it argues that it has standing to oppose the subpoenas because it has a statutory claim of privilege with regard to the information sought.  (*Id*., at 4.)  *See **Hertenstein v. Kimberly Home Health Care, Inc***., 189 F.R.D. 620, 635 (D.Kan. 1999) (holding that a party not served with a subpoena may challenge the subpoena upon a showing that it has a "'personal right to be protected or that the documents are subject to a privilege'") (internal citations omitted).  Defendant also argues that the subpoena exceeds the scope of discovery.  (Doc. 112, at 6.)  The issues before the Court, then, are whether the documents are indeed privileged, whether that privilege attaches to Defendant, and whether the requests fall within the scope of discovery.

**A.     Application of the Kansas Dispute Resolution Act**.

Defendant argues that the provisions of the Kansas Dispute Resolution Act, K.S.A. § 5-501, *et seq*., apply to the arbitration between Defendant and Aleritas conducted by AAA.  (Doc. 112, at 4.)  Defendant points to section 512(a) of the Act, which states in relevant part that "[a]ll verbal or written information transmitted between any party to a dispute and a neutral person conducting a

proceeding under the dispute resolution act or the staff of an approved program

shall be confidential communications." The section continues that "[n]o

admission, representation or statement made in the proceeding shall be admissible

as evidence or subject to discovery." *Id.* Defendant also relies on the following

language from section 512(a):

> A neutral person conducting a proceeding under the
> dispute resolution act shall not be subject to process
> requiring the disclosure of any matter discussed during
> the proceedings unless all the parties consent to a waiver.
> Any party and the neutral person conducting the
> proceeding, participating in the proceeding has a
> privilege in any action to refuse to disclose, and to
> prevent a witness from disclosing, any communication
> made in the course of the proceeding. The privilege may
> be claimed by the party or the neutral person or anyone
> the party or the neutral person authorized to claim the
> privilege.

(Doc. 112, at 5.)

Plaintiff argues that the Kansas Dispute Resolution Act does not apply to

arbitration. (Doc. 114, at 4-6.) The Court agrees. The Act clearly enumerates the

types of dispute resolution programs and individuals to which it applies. *See*

K.S.A. § 5-501(b). The arbitration at issue was not referred by a court or state

government. *Id.* Further, Defendant has provided no evidence to establish that the

arbitration at issue was conducted by a "registered" program or individual, as that

term is defined by the Act. *See id*; *see also* K.S.A. § 5-502(a). To the contrary,

6

Plaintiff has provided the Court with uncontroverted evidence that neither the

AAA nor Richard Ralston, the arbitrator used, appear on the list of programs or

individuals registered in Kansas.  (Doc. 114-1.)

Even assuming the arbitration at issue falls within the parameters of the

Kansas Dispute Resolution Act, Plaintiff correctly points out that section 512(a)

"exempts the disclosure of information that is required by a court order or that is

reasonably necessary to prevent ongoing fraud."  (Doc. 114, at 3.)  The Court's

intent to allow this type of discovery is clear from the Order continuing the Pretrial

Conference, which granted Plaintiff's request to re-open discovery "to determine

facts related to the alleged arbitration and award."  (*See* Doc. 105, at 1.)

**B.      Scope of Discovery**.

As stated above, Fed.R.Civ.P. 26(b) states that "[p]arties may obtain

discovery regarding any matter, not privileged, that is relevant to the claim or

defense of any party . . .  Relevant information need not be admissible at the trial if

the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."  Thus, the requested information must be both nonprivileged and

relevant to be discoverable.  As discussed above, the Court has determined that

privilege will not be a basis to quash the subpoena in question. The analysis

therefore turns to the issue of relevance.

7

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Once this low burden of relevance is established, the legal burden resides with the party opposing the discovery of the information requested. *See **Masters v. Gilmore***, No. 08-2278-LTB-KLM, 2009 WL 4016003, at *2 (D.Colo. Nov. 17, 2009) (holding that the burden lies with the party objecting to discovery of information that is the subject of a subpoena). *Cf.* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that, in the context of a motion to compel, the party resisting a discovery request based on overbreadth,

8

vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). However, "[w]hen 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Dean*, 2002 WL 1377729, at *2 (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)). In this context, the Court will analyze the information sought by the subpoena at issue.

Defendant argues that the information sought by the subpoena is "not relevant to any claim by Kendall in this action." (Doc. 112, at 6.) Defendant continues that "[t]here is no legitimate reason in this action for Kendall to seek 'all' documents, tangible things and electronically-stored information in the possession, custody or control of the AAA relating to the Arbitration." (*Id.*) While Defendant unequivocally contends that the information is irrelevant, it makes no attempt to substantively explain *how* the request is irrelevant or "patently overbroad." The Court will not grant a motion to quash based on conclusory, self-serving statements of irrelevance.

Plaintiff, on the other hand, explains that it "claims that West Point Underwriters breached the loan agreement and the promissory note governing the Loan by seeking the rescission of those agreements in the Arbitration without notifying Kendall State Bank or the other lenders that own the Loan."  (Doc. 114, at 12.)  In addition, Plaintiff correctly points out that information is also relevant to WPU's defenses, as Defendant's Answer "maintains that Kendall State Bank cannot enforce its interests relating to the Loan by virtue of the [arbitration] Award – and West Point Underwriters asserts a similar counterclaim."  (*Id*., at 13.)  Finally, this Court previously indicated that this type of discovery is relevant as the Court re-opened discovery "to determine facts related to the alleged arbitration and award."  (*See* Doc. 105, at 1.)

For the reasons set forth above, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of July, 2012.

 s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge