IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDALL STATE BANK,

        Plaintiff,

        vs.                Case No. 10-2319-JTM

WEST POINT UNDERWRITERS, L.L.C.,

        Defendant.

MEMORANDUM AND ORDER

West Point Underwriters, L.L.C.'s Motion to Strike Certain Affirmative Defenses to Counterclaim Asserted by Kendall State Bank (Dkt. No. 122) is before the court. WPU seeks to strike affirmative defenses 9-27 of Kendall's Answer to WPU's Counterclaim which relate to the an Arbitration Award entered in WPU's favor. WPU contends the court should grant its Motion because Kendall was not a party to the Arbitration Case, the affirmative defenses are redundant, and Kendall is engaging in procedural gamesmanship. After reviewing the affirmative defenses at issue, the court concludes that they relate to the applicability of the Arbitration Award to Kendall rather than a direct challenge of that Award. The court also concludes that the affirmative defenses are not redundant and were not raised simply for procedural gamesmanship. Accordingly, the court denies the Motion.

**I. Factual Background**

Kendall State Bank is a banking corporation incorporated under Kansas law with its principal place of business in Kansas. West Point Underwriters is a limited liability company organized under Florida law with its principal place of business in New York. Its individual members reside in New York, Florida, and Georgia. The parties do not dispute that this court has subject matter and personal jurisdiction over WPU.

On November 21, 2005, WPU obtained a loan of $3,051,000 from Brooke Credit Corporation, which subsequently changed its name to Aleritas Capital Corporation. The loan agreement provided that Aleritas could sell the loan to other lenders and that those lenders would have certain rights. Aleritas sold interest in 100% of the loan to Kendall and other lenders memorialized in "Participation Agreements." But Aleritas continued to service and administer the loan for a fee until 2008. In September 2008, Aleritas assigned the right to service the loan to Kendall and notified WPU that Kendall would be servicing the loan. From that time until January 2012, WPU remitted payments on the loan to Kendall. Sometime after Kendall began servicing the loan, it discovered that Aleritas had failed to remit WPU's payment on the loan in August 2008, breaching the Participation Agreements. In late September or early October 2008, Aleritas became insolvent and notified Kendall it was preparing to wind down its operations.

More than a year later, in January 2010, WPU filed suit against Aleritas and Brooke Capital Advisors, Inc., (BCA) in New York, claiming that the loans should be rescinded. WPU did not name Kendall as a defendant in that action even though it had been paying Kendall on the loan since 2008. Kendall sought to intervene in the New York action, and, ultimately, the case was dismissed.

After Kendall discovered WPU was seeking to rescind the loan in the New York case, it filed

the present action on June 7, 2010, seeking a declaration of its rights under the loan agreement and for other relief.[1] WPU filed a Counterclaim asserting Aleritas fraudulently induced it to obtain the loan.

WPU also filed an arbitration action against Aleritas and BCA alleging that Aleritas fraudulently induced it to enter the loan, and WPU sought rescission of the loan. *See West Point Underwriters, L.L.C. v. Aleritas Capital Corp. & Brooke Capital Advisors, Inc.*, American Arbitration Association Case No. 57 148 00108 11 (The Arbitration Case). An Award was issued in the Arbitration Case on February 7, 2012. Thereafter, WPU filed an application for confirmation of the Award in this court. *See West Point Underwriters, L.L.C. v. Aleritas Capital Corp. & Brooke Capital Advisors, Inc.*, No. 12-205 (The Arbitration Confirmation Case). Kendall was not a party to the Arbitration Case and is not a party to the Arbitration Confirmation Case. But Kendall has filed a Motion to Intervene in the Arbitration Confirmation Case.

The court held telephone conferences with the parties on February 15 and 24, 2012. WPU requested that it be allowed to include defenses and contentions related to the Arbitration Award. Kendall objected to including matters relating to the Arbitration Award in the Pretrial Order, but the court overruled the objections. Kendall then requested that it be allowed to re-open discovery to determine facts related to the Arbitration Award, and the court granted the request.

WPU filed its Answer to Third Amended Complaint and Counterclaim (Dkt. No. 113) on April 5, 2012, contending that the loan agreement cannot be enforced by Kendall because Aleritas fraudulently induced WPU to enter the loan. WPU relies primarily on the Arbitration Case and the Arbitration Award it received. Kendall filed its Answer to Counterclaim For Declaratory Judgment

---

[1]Kendall has also asserted three claims of breach of contract. *See* Third Amended Complaint, Dkt. No. 109.

(Dkt. No. 117). In the Answer, Kendall asserted many affirmative defenses related to the Arbitration Award (affirmative defenses 9-27). These defenses are the subject of WPU's Motion to Strike.

## II. Legal Standard: Motion to Strike

Under Fed. R. Civ. P. 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A defense is insufficient if no circumstances exist under which it can succeed as a matter of law." *Falley v. Friends Univ.*, 787 F. Supp.2d 1255, 1257 (D. Kan. 2011). Striking a pleading is a drastic measure, and may often be brought as a dilatory tactic, thus motions to strike under Rule 12(f) are generally disfavored. *RMD, L.L.C. v. Nitto Americas, Inc.*, No. 09-2056, 2012 WL 1033542, at *2 (D. Kan. Mar. 27, 2012) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005)). Because motions to strike are disfavored, a court "'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'" *Falley*, 787 F. Supp.2d at 1257 (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)). The decision to grant a motion to strike is within the district court's sound discretion. *Id.*

## III. Discussion

### A. Authority to Challenge the Arbitration Award

First, WPU contends the court should strike Kendall's affirmative defenses because Kendall has no statutory authority to challenge the Arbitration Award under the Federal Arbitration Act. WPU contends that the FAA provides the exclusive remedy for challenging an arbitration award and

that Kendall lacks authority to challenge the Arbitration Award because it was not a party to the Arbitration Case. In response, Kendall contends that its affirmative defenses merely challenge the application of the Arbitration Award and do not constitute a direct attack on the Award itself. Further, Kendall argues that the FAA does not provide the exclusive remedy for challenging an arbitration award and that relief is available to nonparties.

This court does not interpret Kendall's affirmative defenses as challenging the validity of the Arbitration Award. Rather, defenses 9-27 primarily challenge the Award's applicability to Kendall. Almost every defense provides that "the Award cannot be enforced against [Kendall] or otherwise construed in a way that impairs their interest in the Loan because . . ." *See* Dkt. No. 117, affirmative defenses 9-26 (alterations added). WPU concedes that Kendall can raise defenses and assert arguments challenging the application of the Award. Accordingly, there is no reason for this court to strike affirmative defenses that challenge the applicability of the Award against Kendall. WPU's argument that the affirmative defenses constitute an attempt to vacate, modify, or correct the Arbitration Award is simply an improper characterization of the affirmative defenses at issue. It is true that Affirmative Defense 27 could be construed as a direct attack on the award. It provides that "[t]he Arbitrator erroneously calculated the offset that he awarded to West Point Underwriters." Nevertheless, the court will not grant WPU's Motion based on this lone defense, which potentially challenges the validity of the Award.

Because the court construes the affirmative defenses as challenging the applicability of the Award to Kendall, it is unnecessary to determine whether Kendall has the authority to vacate, modify, or correct the Award under the FAA as a nonparty to the Arbitration Case. WPU will have ample opportunity to contest Kendall's ability to challenge the validity of the Award in its response

to Kendall's Motion to Vacate, Modify, or Correct Arbitral Award (Dkt. No. 119).[2]

### B. Kendall's Affirmative Defenses Are Not Redundant

Next, WPU contends that Kendall's affirmative defenses are redundant because Kendall has filed a motion to intervene in the Arbitration Confirmation Case raising the same allegations it has asserted as affirmative defenses here. WPU argues that Kendall should be required to pursue its claims regarding the Arbitration Award in the Arbitration Confirmation Case, and that its attempts to inject the Arbitration Award issues into this case are unnecessarily duplicative. Kendall argues that the affirmative defenses are not redundant because they serve different purposes than the reasons Kendall has moved to intervene in the Arbitration Confirmation Case. Kendall contends that the affirmative defenses relate to the applicability of the Arbitration Award to Kendall while it seeks to intervene in the Arbitration Award Case in order to oppose the confirmation of the Arbitration Award.

Kendall has the more persuasive argument. The confirmation of the Award and its applicability to Kendall are two separate things. Simply because Kendall's challenge in both cases may involve the same facts or the same arguments does not mean the affirmative defenses in this

---

[2]The court notes that WPU's assertion that the FAA is the exclusive means of challenging an arbitration award is erroneous. Section 9 of the FAA provides that on application for an order confirming an arbitration award the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The Supreme Court, in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, held that the categories listed in §§ 9 and 10 are the exclusive grounds for vacating, modifying, or correcting an arbitration award under the FAA. 552 U.S. 576, 584 (2008). But the court did not hold that the grounds listed in the FAA were the only way for parties to challenge arbitration awards. Awards may be challenged under state statutory or common law. *Id.* at 590; *see Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010) ("An arbitration award will only be vacated for the reasons enumerated in the Federal Arbitration Act, 9 U.S.C. § 10, or for a 'handful of judicially created reasons.'"). The Tenth Circuit has defined these "judicially created reasons" to include "violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing." *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001).

case are redundant. Moreover, to the extent the affirmative defenses are redundant to the actions taken by Kendall in the Arbitration Confirmation Case, such redundancy was a response to WPU's Counterclaim which inserted a claim for declaratory relief based on the Arbitration Award. Kendall merely took the reasonable step of asserting affirmative defenses relating to the applicability of the Arbitration Award.

More importantly, WPU has failed to show that it will be prejudiced by the inclusion of the affirmative defenses in this action, which is a necessary showing in a motion to strike. *See RMD, L.L.C.*, 2012 WL 1033542, at *2. Although WPU contends Kendall is seeking to impermissibly extend discovery in this case, such an assertion belies the facts. On February 28, 2012, Magistrate Judge Kenneth Gale explicitly allowed the parties to conduct discovery "to determine the facts related to the alleged arbitration and award." Dkt. No. 105, at 1. And discovery relating to the Arbitration Award would have been appropriate regardless of whether Kendall had asserted its affirmative defenses because WPU put the Award at issue by asserting its Counterclaim for declaratory relief based on the Award. Fed. R. Civ. P. 26(b)(1) specifically provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Accordingly, Kendall's affirmative defenses do not prejudice WPU by improperly expanding the scope of discovery.

### C. Kendall Is Not Engaging in Procedural Gamesmanship

Last, WPU contends Kendall inserted the affirmative defenses in attempt to conduct discovery for the Arbitration Confirmation Case even though it has not been granted leave to intervene in that case. For the same reasons noted above, this court rejects WPU's argument. WPU

clearly put the Arbitration Award at issue when it asserted a Counterclaim for declaratory relief based on the Award. Kendall would have been entitled to discover evidence related to the Arbitration Award even if Kendall had not asserted its affirmative defenses.

IT IS ACCORDINGLY ORDERED this 7th day of September 2012, that  West Point Underwriters, L.L.C.'s Motion to Strike Certain Affirmative Defenses to Counterclaim Asserted by Kendall State Bank (Dkt. No. 122) is denied.

<div style="margin-left:auto">

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

</div>