## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENDALL STATE BANK,         )
                                   )
              Plaintiff,     )
                                   )
vs.                         )     Case No. 10-2319-JTM/KGG
                                   )
WEST POINT UNDERWRITERS, LLC,   )
                                   )
              Defendant.   )
_____ )

## MEMORANDUM AND ORDER

Before the Court is the Second Motion to Compel and supporting memorandum filed by Plaintiff Kendall State Bank. (Docs. 130, 131.) After discussions between the parties, Plaintiff now seeks an Order requiring Defendant to respond to certain of the Requests contained in Plaintiff's Third Requests for Admissions. (Doc. 131-3.) Having reviewed the submissions and exhibits presented by the parties, the Court **GRANTS** Plaintiff's motion (Doc. 130).

## BACKGROUND

Plaintiff's claims result from a commercial loan ("Loan 4922" or "the Loan") made by Brooke Credit Corporation (l/k/a Aleritas Capital Corporation) to Defendant West Point Underwriters (Defendant). (Doc. 76, Second Amended Complaint, at ¶ 8.) Aleritas is alleged to have sold participations in the Loan to

Plaintiff Kendal State Bank (Plaintiff) and other banks.  (*Id*., at ¶ 14.)  Other relevant facts are summarized in this Court's prior Order of January 11, 2012, and are incorporated herein by reference.  (Doc. 97, at 2-4.)

For purposes of this motion, it is undisputed that Defendant and Aleritas were parties to an arbitration held before the American Arbitration Association ("AAA").  It is further undisputed that the loan agreement between Defendant and Aleritas required such arbitration of any disputes or claims by Defendant.  (*See* Doc. 112, at 2.)

At the initial Pretrial Conference, the undersigned Magistrate Judge addressed Defendant's request, and Plaintiff's objection, to include in the Pretrial Order "defenses and contentions related to an arbitration award allegedly received by the Defendant against a third party within the last 30 days."  (Doc. 105, at 1.) After allowing Defendant to plead the issue, the Court granted Plaintiff's request to re-open discovery "to determine facts related to the alleged arbitration and award." (*Id*.)  Plaintiff was subsequently allowed leave to amend its Complaint as a result. (*See* Doc. 109.)

Plaintiff alleges that the relevant participation agreements state that "any failure by Aleritas to comply with its obligations under those agreements, or any act of insolvency by Aleritas authorizes the Participants to remove Aleritas as the

2

administrator of the Loan and transfer its powers to one of the Participants." (*Id.*, at § 20.)  Plaintiff contends that in August 2008, Aleritas was removed as the administrator of the Loan and the administration of the Loan was transferred to Plaintiff.  (*Id.*, at §§ 21, 22.)

Plaintiff claims it is representing the interests of all the Participants in this lawsuit.  (*See* Doc. 48-1, at 5.)  Plaintiff alleges that Defendant materially breached the underlying loan agreement by causing one or more events of default.  (*See generally*, Doc. 76.)  Plaintiff also contends that Defendant has not fully performed its obligations under the loan agreement and has not retracted its repudiation of its remaining obligations.  (*Id.*)  Finally, Plaintiff seeks a declaratory judgment stating that it is entitled to enforce the loan agreement against Defendant, on which Plaintiff contends Defendant owes approximately $1.8 million.  (*Id.*)

Plaintiff filed the present motion to compel in regard to various objections raised by Defendant in response to Plaintiff's Fourth Interrogatories and Requests for Production and to Plaintiff's Third Requests for Admissions.  (Docs. 131-1, 131-2, and 131-3.)  The Court has been advised by counsel, however, that Defendant has withdrawn its objections to all but Requests for Admission 27 and 39.

**DISCUSSION**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."  *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

The scope of discovery is broad, but not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan. 1995).

Request for Admission No. 27 asks Defendant to "[a]dmit that in the Arbitration WPU did not notify the Arbitrator about the terms of the agreements that are attached to Kendall State Bank's Third Amended Complaint in this action as Exhibit C." (Doc. 131-3, at 8.)  Exhibit C is comprised of the various Participation Agreements.  (Doc. 109-3.)

In response to Request No. 27, Defendant objected that the request is "vague as to which agreement terms are being referenced."  Defendant also objected that the request is not reasonably calculated to lead to the discovery of admissible evidence because "the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings."  (*Id*.)

During the meet and confer process, Plaintiff provided Defendant with additional explanation that the terms implicated are

> the terms of the identified agreements collectively, but
> particularly the terms stating that Kendall State Bank and
> other lenders purchased interests in WPU's loans
> 'without recourse' to Aleritas, including interests in 'all
> notes an other instruments' relating to WPU's debt and
> 'all security interests' in the collateral for that debt,

5

> becoming 'for all purposes the legal and equitable
> owner[s]' of those interests, and that the lenders acquired
> the right to assume the administration of the Loan if any
> of several specified events occurred.

(Doc. 131-4, at 3.)  Defendant now complains that this clarification "made it worse" by specifying particular terms.  (Doc. 135, at 18.)  The Court does not agree.  Plaintiff contends – and the Court agrees – that it has identified the agreements at issue, identifying a particular exhibit filed in this case.  (Doc. 131, at 17.)  Considering that the participation agreements have been at the heart of this litigation – and that this litigation has been on-going since 2010 – the Court fails to see how Plaintiff could have been more clear.  Defendant's objection that the request is "vague" is hereby **overruled**.

Defendant also objects that the request is not reasonably calculated to lead to the discovery of admissible evidence because "the Arbitration Award is not the subject of a collateral attack or a matter in dispute under any issues framed by the pleadings."  (Doc. 131-3, at 8.)  This is also the only objection Defendant raised in response to Request for Production No. 39.  (*Id*., at 11.)  Request No. 39 asks Defendant to "[a]dmit that WPU did not notify the Arbitrator that WPU has made payments on the Loan to Kendall State Bank since about September 11, 2008." (Doc. 131-3, at 11.)

Even assuming Defendant's assertion regarding the absence of a collateral attack to be correct, the Court does not find this to be dispositive of whether the information at issue is reasonably calculated to lead to the discovery of admissible evidence.  As noted above, discovery in this matter was reopened after the initial Pretrial Conference, wherein the undersigned Magistrate Judge granted Plaintiff's request to re-open discovery "to determine facts related to the alleged arbitration and award."  (Doc. 105.)  This was done in response to <u>Defendant's</u> request – over Plaintiff's objection – to include in the Pretrial Order "defenses and contentions related to an arbitration award allegedly received by the Defendant against a third party within the last 30 days."  (Doc. 105, at 1.)

Given the liberal interpretation of relevance during the discovery phase, *MCI Telecommunications Corp.*, 137 F.R.D. at 27, the Court finds the information sought by Requests for Admission Nos. 27 and 39 to be relevant to the claims and defenses in this case or, at a minimum, to potentially lead to the discovery of admissible evidence.  This objection is, therefore, **overruled**. Plaintiff's motion is **GRANTED** in regard to Request for Admission No. 27.

For the reasons set forth above, Defendant's objections are overruled and Plaintiff's Second Motion to Compel (Doc. 130) is **GRANTED**.  Defendant is given until October 30, 2012, to admit or deny the requests, without objection.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 16th day of October, 2012.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge

8