# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENDALL STATE BANK, )
)
               Plaintiff, )
)
vs. )   Case No. 10-2319-JTM/KGG
)
WEST POINT UNDERWRITERS, LLC, )
)
               Defendant. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is the "Motion to Remove Designation of Deposition Testimony as Confidential" filed by Plaintiff Kendall State Bank. (Doc. 177.) Having reviewed the submissions of the parties and other filings in this case, the Court **GRANTS** Plaintiff's motion.

Plaintiff's claims result from a commercial loan ("Loan 4922" or "the Loan") made by Brooke Credit Corporation (l/k/a Aleritas Capital Corporation) to Defendant West Point Underwriters (Defendant). (Doc. 76, Second Amended Complaint, at ¶ 8.) Aleritas is alleged to have sold participations in the Loan to Plaintiff Kendal State Bank (Plaintiff) and other banks. (*Id.*, at ¶ 14.) Other

relevant facts are summarized in this Court's prior Order of January 11, 2012, and are incorporated herein by reference. (Doc. 97, at 2-4.)

At the initial Pretrial Conference, the undersigned Magistrate Judge addressed Defendant's request, and Plaintiff's objection, to include in the Pretrial Order "defenses and contentions related to an arbitration award allegedly received by the Defendant against a third party within the last 30 days." (Doc. 105, at 1.) After allowing Defendant to plead the issue, the Court granted Plaintiff's request to re-open discovery "to determine facts related to the alleged arbitration and award." (*Id.*) Plaintiff was subsequently allowed leave to amend its Complaint as a result. (*See* Doc. 109.) Plaintiff deposed Defendant's president, Douglas Vatter, on October 11, 2012, and Defendant's counsel, John Weist, on November 19, 2012, "for the limited purpose for which the Court permitted discovery [to be reopened] – to obtain 'facts related to the alleged arbitration and award.'" (Doc. 177, at 3-4.)

Plaintiff filed the present motion (Doc. 177) opposing Defendant's designation of the transcripts of these two depositions as "confidential" pursuant to the Protective Order (Doc. 24) in effect in this case. Defendant states that it designated the deposition transcripts as confidential, in their entirety, after learning that Plaintiff contends that Defendant may have waived the attorney-client privilege and work product doctrine. (Doc. 183, at 2.) Plaintiff contends that

2

Vatter, during his deposition, "repeatedly responded to questions about [Defendant's] conduct during the arbitration by stating that [Defendant] relied on advice from its counsel." (Doc. 177, at 4.) Plaintiff argues that "[b]y doing so, Vatter waived the attorney-client privilege and work product doctrine with respect to those communications . . . ." (*Id.*)

The definition of "confidential information" is clearly enunciated in the Protective Order to mean

> (a) information about the operations and strategies of entities that obtained loans from Aleritas Capital Corporation, formerly known as Brooke Credit Corporation ("Aleritas"), and those borrowers' affiliates, representatives, and agents; (b) information about the operations and strategies of entities that purchased interests in loans by Aleritas, and those entities' affiliates, representatives, and agents; (c) information about the operations and strategies of entities that serviced or administered loans by Aleritas, and those entities' affiliates, representatives, and agents; and (d) other trade secrets and other confidential business information.

(Doc. 24, at 1-2.) Defendant has submitted nothing in its brief that would lead the Court to the conclusion that the topics addressed in the depositions of Vatter and Weist fall under the scope of this language from the Protective Order. Defendant merely contends that information arguably subject to the attorney-client privilege or work product doctrine constitutes information "about the strategies" of

Defendant.  The Court is, however, unconvinced.  The language contained in the Protective Order unquestionably relates to business operations and strategies rather than legal strategies relating to this litigation.  Further, it is well-established in this District that "privileged" and "confidential" are two distinct concepts.  *Accord McCloud v. Board of Geary County Comm'rs*, No. 2008 WL 1743444, at *4 (D. Kan. April 11, 2008) (holding that even assuming certain records are "'private' or confidential, this does not mean the records are privileged and/or nondiscoverable").  Regardless of whether the designations were timely filed or whether the attorney-client privilege and work product doctrines have been waived, the fact remains that there has been no showing that the testimony provided during these depositions could constitute "confidential information" as that term was contemplated in the Court's Protective Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remove Designation of Deposition Testimony as Confidential (Doc. 177) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of February, 2013.

 S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge